[No. 9,469. Department Two. — July 22, 1884.]

## SUSAN E. BROOKS, APPELLANT, v. SOLOMON HASLAM, RESPONDENT.

PLEADING—BURDEN OF PROOF—UNLAWFUL SHOOTING. —In an action for damages for killing a person, a denial of an allegation of the complaint that the defendant did the shooting wilfully, unlawfully, and maliciously, raises no issue, because the shooting, if not justifiable or excusable, was wilful, unlawful, and malicious; and when such denial is followed by an averment that the shooting was done in self-defense, the burden of proving the averment is on the defendant.

APPEAL from a judgment of the Superior Court of Tuolumne County, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*Caleb Dorsey,* for Appellant.

*E. A. Rodgers,* for Respondent.

SHARPSTEIN, J.—The defendant's denial of the allegation that he "wilfully, unlawfully, wrongfully, and maliciously" shot the plaintiff's husband, standing by itself, raised no issue, because the shooting, if not justifiable or excusable, was "wilful," etc. And of this the pleader appears to have been aware, for the denial is followed by an averment "that said shooting was done purely in self-defense." This amounts simply to a plea in confession and avoidance; and the principles of pleading before the Code required that matter in confession and avoidance should be *specially pleaded*, and not given in evidence under the general issue. (1 Chit. Plead. 552.) If to such a plea there was a replication, the burden of proving the affirmative of the issue devolved on the defendant. Under the Code the statement of any new matter in the answer, in avoidance, must be deemed controverted by the opposite party. (Code Civ. Proc. § 462.)

Here the averment in the answer that the shooting was done in self-defense was controverted—put in issue—by the plaintiff, and it devolved on the defendant to prove the affirmative of that issue. But the court nonsuited the plaintiff because she did not prove that it was not done in self-defense. This was shifting the burden from the side on which the law cast it to the opposite side.

Judgment and order reversed.

THORNTON, J., and MYRICK, J., concurred.