CHARLES S. WESTON, RESPONDENT, v. MARY R. STOD-
DARD AND BRIDGET DAIG, APPELLANTS, IMPLEADED WITH
OTHERS.

*Partition — effect of the failure of 'a defendant to serve her answer on her
co-defendants — Code of Civil Procedure, secs. 452, 521, 975, 1543.*

In an action brought to make partition of certain premises, the complaint alleged
that there were no general or specific liens against the premises, or against any
of the shares therein. A defendant, one Stoddard, answered alleging that she
owned a mortgage which was a lien upon the share of the plaintiff, and upon
the shares of many of the defendants. This answer was not served by Stoddard
on her co-defendants. The court found that the mortgage was given; that no
payments had been made thereon, and that it was unsatisfied of record, but
refused to decide whether it was a valid incumbrance.

*Held,* that the determination of this question was not necessary to a partition, and
that, as Stoddard had not served her answer on her co-defendants, the court, in
its discretion, properly refused to decide the matter.

The court found that Stoddard had been in possession of the premises since 1880,
holding adversely. Stoddard claimed upon the trial that she was a mortgagee
in possession, and as such entitled to hold possession until the mortgage was
paid, and that consequently the decree for partition was improperly made.

*Held,* that as she had not served her answer upon her co-defendants she was not
entitled, as against them, to a judgment deciding as to the validity of her mortgage.

That the effect of the court's withholding a final judgment of partition would be
to defeat, or at least to postpone, a final decision of the action, which would
secure a substantial, and possibly unjust, victory to Stoddard, to which, in view
of her not having served her answer upon her co-defendants, she was not
entitled as against them.

That if, as alleged, her mortgage was valid, she had a remedy by foreclosure.

APPEAL by the defendants, Mary R. Stoddard and Bridget Daig,
from an interlocutory judgment, entered in the clerk's office of
Saratoga county on the 15th day of December, 1890.

On April 3, 1855, the defendant Abiel Stoddard owned the
premises described in the complaint, and on that day conveyed an
undivided one-fourth part thereof to Haskell Weston, who, at the
same date, gave to Stoddard his mortgage thereon to secure his bond,
also given, for $1,000, the purchase-money thereof. The mortgage
was duly recorded the same day and no payments have been
made thereon, and it remains unsatisfied. Weston, June 2, 1857,
conveyed his undivided one-fourth to Charles Lee and Samuel

Weston. The plaintiff and several of the defendants have succeeded to, or acquired, the title to this undivided one-fourth. Mary R. Stoddard, in 1883, became the owner of the other undivided three-fourths. She has since sold some lots to the defendant Bridget Daig and others, not knowing anything of the deed to Haskell and his mortgage to Abiel Stoddard, but supposing she owned the entire premises. She has since obtained an assignment of the bond and mortgage of $1,000. Haskell Weston, from the date of the mortgage to his death, was a resident of Vermont, and never returned to this State. Charles Lee and Samuel Weston were also residents of that State.

The complaint alleged the ownership by the plaintiff and Mary R. Stoddard and the defendants, Mary's grantees, of the premises as tenants in common, and alleged " that there are no general or specific liens or incumbrances against said premises or against any or either of the undivided shares in said premises." Mary R. Stoddard by her answer denied this allegation and set up the $1,000 mortgage as a valid lien upon the undivided one-fourth part claimed by the plaintiff and other parties. The plaintiff replied to this answer setting up payment and the statute of limitations.

The court found the facts as above set forth, and also that Mary R. Stoddard has been in actual possession of the premises since 1880, but refused to pass upon the validity of the mortgage, or whether it was a lien upon the shares awarded to the plaintiff and the defendants, who have succeeded to the title of Haskell Weston, but decided that such mortgage, if valid, should attach to such shares; also, that the lots sold by Mary R. Stoddard should be embraced in the three-fourths to be set off to her.

*C. S. Lester*, for the appellants.

*W. B. French*, for the plaintiff, respondent.

LANDON, J.:

There was an issue joined between the plaintiff and the defendant Mary R. Stoddard, whether the purchase-money mortgage given by Haskell Weston April 3, 1855, upon an undivided fourth of the premises for $1,000 and interest, which mortgage is now owned by said defendant, is a subsisting incumbrance thereon. The court found that the mortgage was given and that no payments have

been made thereon, and that it is unsatisfied of record. Also that the mortgagor and his grantees and those claiming the undivided one-fourth have been continuously non-residents of the State since the date of the mortgage. The plaintiff and seventeen of the defendants are found by the court to be the owners of the undivided one-fourth. The court refused to determine the question whether the mortgage was a subsisting incumbrance upon the share of the plaintiff and the said seventeen defendants, but adjudged that they were entitled to that share, and that the mortgage, if valid, should attach thereto to the exclusion of the remaining three-fourths, which were allotted to the defendant and to the defendants holding under her, and that the mortgage "should be subject to any defense that the plaintiff and said defendants (interested in the one-fourth set off to them) may have thereto, its validity as a mortgage or lien upon said premises not being passed upon or adjudicated in this action."

The defendant Mary R. Stoddard claims that since the plaintiff tendered the issue and she accepted it, and the issue was joined between them, the court erred in not determining it. It was, undoubtedly, competent for the court to determine the issue, but as it was joined only between the plaintiff and the defendant, and not between the defendant and the seventeen other defendants who were interested in the one-fourth part of the premises as to which the mortgage was alleged to be an incumbrance, it is obvious that the determination would bind only the parties to the issue, and leave the question open between the defendant Stoddard and the seventeen other defendants interested in the question. The determination of the issue was not necessary to the determination of the rights of the parties to a partition of the premises, and to the several allotment of their respective shares. Section 975, Code of Civil Procedure provides: "An issue, the disposition of which is not necessary to enable the court to render the appropriate judgment, is not required to be tried."

Had the defendant Stoddard served her answer upon the seventeen other defendants pursuant to sections 521 and 1543, then the whole controversy as to this mortgage could have been brought before the court, as to all the parties interested in it, and the court, in its discretion, would either have determined it, or have directed judgment pursuant to section 1204, substantially as has now been done, and

then have severed the action under section 1205, and directed that the same proceed between such of the parties as raised or were tendered issues as to the mortgage. The defendant has not improved her position by omitting to serve her answer upon the defendants interested in the claim raised by it. We think the procedure adopted by the court was within its discretion, and that the discretion was properly exercised.

The court found that the defendant Mary R. Stoddard had been in possession of the premises since 1880, holding adversely. It had been previously determined that she was only entitled to hold as tenant in common. (*Stoddard* v. *Weston*, 25 N. Y. St. Rep., 922.) It is not claimed that her adverse holding, if her title was, in fact, nothing more than that of a tenant in common with the other parties, could defeat the action. (Sec. 1543.) Under the present Code it is what a party to the action rightfully holds, and not what he may wrongfully claim, that determines the nature of the relief to be awarded respecting him. But the defendant claims that she was a mortgagee in possession, and as such entitled to retain possession until her mortgage is fully paid; and that since the action is a possessory one, and she is, by the judgment, to be ejected from such portion of the land as is allotted to others (§ 1558), she will, therefore, be turned out before her claim to stay in is determined, and hence her claim to have the validity of her mortgage and the amount due thereon determined was well founded, and it was error to reserve or postpone its determination. Whether the defendant Stoddard is mortgagee in possession we do not decide. We have already decided that her assignor of the mortgage was not. (*Stoddard* v. *Weston*, *supra*.) The defendant Stoddard is not entitled to any such judgment against the parties upon whom she has not served her answer. (*Edwards* v. *Woodruff*, 90 N. Y., 397; *Payn* v. *Grant*, 23 Hun, 134.) Assuming that the court had sustained the defendant's position, then plaintiff could not have procured final judgment of partition against her, for in such case her possession would have been that of holding the premises as security for payment of her mortgage, and not merely as tenant in common. Redemption would have to precede final judgment, since such judgment awards possession to the several parties. (Sec. 1528.) Plaintiff being defeated or postponed, and the non-answering defendants having no issues to

bring before the court, this defendant would secure a substantial and, perhaps, unjust victory. She is responsible for withholding the issues from the other defendants, and though she may claim this relief only against the plaintiff, she, in fact, would obtain it for a time at least against the defendants, and the court, to prevent this injustice, may properly deny it until she brings before the court upon this issue all the parties interested in its determination. Such is the spirit, if not the exact letter, of section 452.

If the defendant's mortgage is an incumbrance, her remedy by foreclosure is not prejudiced by this judgment. If she is a mort_ gagee in possession and entitled to payment before partition, she has not so pursued that remedy as to justify the court in awarding it to her in this action. Whether the one course or the other is pursued is a mere question of the remedy, and, as the one left to her is sufficient, her rights of property remain unimpaired.

Interlocutory judgment affirmed, with costs.

LEARNED, P. J., and MAYHAM, J., concurred.

Interlocutory judgment affirmed, with costs.