Argued before VAN BRUNT, P. J., and O'BRIEN and FOL-LETT, JJ.

A. H. Holmes, for appellants.

A. Green, for respondents.

PER CURIAM. Order affirmed, with $10 costs and disbursements, on opinion of the court below.

---

(8 Misc. Rep. 472.)

STUART v. BLATCHLEY et al.[1]

(Supreme Court, Special Term, Broome County. December, 1893.)

PLEADING—DEMURRER TO ANSWER OF CODEFENDANT.

Defendant cannot demur to the answer of codefendant, as there is no provision in the Code of Civil Procedure authorizing a demurrer in such case.

Action by Frances E. Stuart against Ambrose Blatchley and others. Defendants Watson and others demur to portions of the answer of defendants Brown and Kent. Demurrer overruled.

Babcock, Sperry & Van Cleve, for defendants Nellie V. Watson et al.

A. D. Wales, for defendants Silas P. Brown et al.

FORBES, J. This is an action of partition. The defendants Silas P. Brown and Ellen Brown, his wife, and James E. Kent and Ella Kent, his wife, answered the plaintiff's complaint in the above-entitled action, and served a copy of their answer upon the other defendants, Nellie V. Watson, Milla L. Watson (Ogden), and Henry L. Watson, under section 1543 of the Code of Civil Procedure, controverting in the manner required by section 521 of the Code of Civil Procedure the title and interests of their codefendants, for the purpose of settling certain claims and rights in said action as between themselves. The defendants Nellie V. Watson, Milla L. Watson (Ogden), and Henry L. Watson demur to the ninth subdivision of said answer, stated in folios 9 to 15, inclusive, and assign as a "ground for said demurrer that said answer is insufficient in law upon the face thereof," which may be taken, perhaps, as a claim that said subdivision does not state facts sufficient, upon the face of the answer, to constitute a controverted claim against the defendants demurring. Briefs have been submitted by the respective attorneys for these contending defendants, and the principal controversy seems to be the right of the demurrants to raise this issue of law. If that right is determined in favor of the demurrants, then the next question to be settled is, treating the ninth subdivision as a complaint, does it state facts sufficient, upon its face, to constitute a cause of action? or, treating it as an answer, does it set forth facts sufficient to constitute an affirmative defense.

[1] Affirmed by 28 N. Y. Supp. 800.

The first question seems to be the more serious one, and a determination of that point, in my judgment, will dispose of that issue between the parties. It must now be conceded that the only forms of pleading in an action are provided for by titles 1 and 2, c. 6, of the Code of Civil Procedure, beginning with article 1, § 478. Title 1 provides:

"The consecutive pleadings in an action [are], 1st, complaint; 2d, demurrer; 3d, answer; 4th, reply."

The sections then following provide what these pleadings shall contain, and the manner of framing the issues thereunder. Title 2, § 518 provides:

"This chapter prescribes the form of pleadings in an action and the rules by which the sufficiency thereof is determined, except where special provision is otherwise made by law."

It will be seen by a careful examination of the preceding sections that there is no provision made by which a controversy between two or more defendants to the same action may settle their rights therein as between each other. That power is given by section 521, a new provision, amended in 1884, which reads as follows:

"Where the judgment may determine the ultimate rights of two or more defendants, as between themselves, a defendant who requires such a determination must demand it in his answer, and must at least twenty days before the trial serve a copy of his answer upon the attorney for each of the defendants to be affected by the determination, and personally, or as the court or judge may direct, upon defendants so to be affected who have not duly appeared therein by attorney. The controversy between the defendants shall not delay a judgment to which the plaintiff is entitled, unless the court otherwise directs."

In an action for partition, section 1543 of the Code of Civil Procedure reads as follows:

"The title or interest of the plaintiff in the property, as stated in the complaint, may be controverted by the answer. The title or interest of any defendant in the property, as stated in the complaint, may also be controverted by his answer, or the answer of any other defendant; and the title or interest of any defendant, as stated in his answer, may be controverted by the answer of any other defendant. A defendant thus controverting the title or interest of a codefendant must comply with section 521 of this act."

This provision is substituted for 2 Rev. St. 320, §§ 18, 19. It seems clear to me that it was not intended that the issues to be tried between the codefendants are to be raised in any other manner than by answer, or by reply if a reply is necessary, if, indeed, a reply is permitted. By a provision of the Code of Civil Procedure, a defendant may demur to the plaintiff's complaint, or to any separate cause of action stated therein, when it appears, upon the face of the complaint, that certain defects therein exist. The plaintiff may also, for certain reasons, demur to the defendant's answer or counterclaim when a defect appears upon the face of the answer, and the defendant may also demur to the reply of the plaintiff. I have been unable to find any other provision under the Code, or within the rules of pleading prescribed, permitting a demurrer to be served in any action or controversy between co-

defendants. It cannot be claimed that a demurrer is in any sense an answer. Kelly v. Downing, 42 N. Y. 71. Both the answer and the demurrer are included in the general term "pleadings," as used in the Code of Civil Procedure, but the office of the one is entirely different and distinct from the other. Cashman v. Reynolds, 123 N. Y. 138, 25 N. E. 162; Id., 56 Hun, 333, 9 N. Y. Supp. 614, approving Smith v. Laird, 44 Hun, 530, and Wise v. Gessner, 47 Hun, 306. The current of authorities seems to hold that the only way to contest or determine the rights of codefendants, as between themselves, is by the service of an answer under the provisions of the Code cited. 2 Baylies, Trial Pr. 7, 8; 1 Rum. Pr. 259; Institution v. Burdick, 87 N. Y. 46; Weston v. Stoddard, 137 N. Y. 119, 33 N. E. 62; Id., 60 Hun, 290, 14 N. Y. Supp. 580. It seems that the defendants would have the right to settle that controversy, as between themselves, even though the plaintiff in the action should succeed in striking out all of those allegations in the answer as having no reference to, or place in, the controversy with him, under Hagerty v. Andrews, 94 N. Y. 195, which holds that the court has no power to strike out the allegations of a complaint relating to only one of the defendants.

Two things appear to be conditions precedent to enable codefendants to determine such a controversy between themselves in an action against them jointly: (1) The service of an answer upon the plaintiff in the action, setting forth clearly the rights which he proposes to maintain and settle; (2) the service of that answer upon his codefendant, asserting his right to adjudicate the controversy as between themselves. This is provided for by section 1543 of the Code. Unless this be done, there seems to be no power to settle the issue. Meigs v. Willis, 5 Civ. Proc. R. 106; Smith v. Hilton, 50 Hun, 236, 2 N. Y. Supp. 820; Weston v. Stoddard, 60 Hun, 290, 14 N. Y. Supp. 580; Id., 137 N. Y. 119, 33 N. E. 62. The Code of Civil Procedure does not authorize the defendants to add to the case an independent cause of action, disconnected from that stated in the complaint, for the purpose of settling the controversy between themselves. Smith v. Hilton, 50 Hun, 236, 2 N. Y. Supp. 820; Baylies, Trial Pr. 7, 8; 1 Rum. Pr. 259. If the issue cannot be added to, how can the controversy be defeated by demurrer as to some of the facts set forth in the answer? Why the necessity for a demurrer? If the subdivision of the answer complained of does not state facts sufficient to be used as a complaint, or as an affirmative defense, in settling the controversy against the demurrants, that question can be raised upon the trial of the case; it is one of the rights reserved to the litigant, and may there be used as an undisputed fact. Code Civ. Proc. § 499; Coffin v. Reynolds, 37 N. Y. 640; Sanders v. Soutter (Sup.) 14 N. Y. Supp. 33, 126 N. Y. 193, 27 N. E. 263; Wallerstein v. Security Co. (City Ct. N. Y.) 15 N. Y. Supp. 954; Hoffman v. Wight, 137 N. Y. 621, 33 N. E. 554. This may be done within the rule that a demurrer, or a motion made upon the trial in the place of a demurrer, admits all relative facts which are well pleaded,—everything which is not a legal conclusion.

Milliken v. Telegraph Co., 110 N. Y. 403, 18 N. E. 251; Masterson v. Townshend, 123 N. Y. 458, 25 N. E. 928; Johnson v. Golder, 132 N. Y. 116, 30 N. E. 376. Special demurrers, as known to the former practice, were abrogated by the Code, and no pleading is now demurrable unless it is subject to one or more of the objections specified in the Code of Civil Procedure, defining the grounds of demurrer. Marie v. Garrison, 83 N. Y. 14. It seems to me, therefore, that the answer must be taken as a whole, not treated as separate and independent defenses, but must be examined for the purpose of seeing whether the answer so construed is defective, as upon a demurrer to the whole of a complaint. Marie v. Garrison, 83 N. Y. 23; Milliken v. Telegraph Co., 110 N. Y. 403, 18 N. E. 251; Sanders v. Soutter, 126 N. Y. 193, 27 N. E. 263. The text-writers on practice seem to construe sections 521 and 1543 of the Code of Civil Procedure as the only means of regulating the practice determining controversies between codefendants, and thus recognize the rule as conferring no new powers on the court, but simply as a regulation of practice in these controversies. Institution v. Burdick, 87 N. Y. 40. That construction is based upon the theory that the controversy between the defendants is not intended to delay a judgment to which the plaintiff is entitled, unless the court otherwise directs. Code Civ. Proc. § 521. It is not limited to actions of a purely equitable character. Derham v. Lee, 47 N. Y. Super. Ct. R. 174. The section only applies where the controversy between the codefendants, and the rights to be settled between them, arise out of the subject-matter of the allegations as stated in the complaint, and are parts of the adjustment of such allegations; and the practice does not permit a new and distinct cause of action, not connected with those allegations, to be brought into the case. Lansing v. Hadsall, 26 Hun, 619; Rafferty v. Williams, 34 Hun, 544; 1 Rum. Pr. 259; Baylies, Trial Pr. 7, 8. Baylies, writing upon the same subject, says:

"When the proper service has been made and the trial had, the judgment rendered may determine the ultimate rights of the parties on the same side as between themselves, and it may grant to a defendant any affirmative relief to which he is entitled."

Code Civ. Proc. § 1204; Institution v. Burdick, 87 N. Y. 46; Weston v. Stoddard, 137 N. Y. 119, 33 N. E. 62.

If I were less fully convinced as to what the practice is, my inclination still would be to overrule the demurrer, and let the general term, with its more extensive experience and its advantage of united consultation, pass upon the question, with which decision this court would be better satisfied, as the question needs a final determination. The demurrer is therefore overruled, and the defendants are permitted to answer or reply under the rules and practice of this court. Demurrer overruled.