FRANCES E. STUART *v.* AMBROSE BLATCHLEY and Others.

NELLIE V. WATSON and Another, Appellants.

SILAS P. BROWN and Another, Respondents.

| 77h | 425 |
| 37 Mis³145 | |

*Pleadings in a partition suit — a demurrer may not be served by one defendant to another defendant's answer.*

By section 140 of the Code of Procedure all the forms of pleading theretofore existing were abolished, and thereafter the forms of pleading in civil actions in courts of record and the rules by which the sufficiency of the pleadings should be determined were those prescribed by that act.

A demurrer can only be served in the particular cases prescribed by the Code of Civil Procedure, and no pleading is demurrable unless it is subject to one or more of the objections specified in the section of the Code of Civil Procedure defining the grounds of demurrer.

In an action of partition no answer served pursuant to section 1543 of the Code of Civil Procedure can be demurred to by a co-defendant upon whom it is served.

APPEAL by the defendants, Nellie V. Watson and others, from an interlocutory judgment of the Supreme Court in favor of the defendants, Silas P. Brown and others, entered in the office of the clerk of the county of Broome on the 15th day of January, 1894, upon the decision of the court, rendered at the Broome Special Term, overruling their demurrer to the answer of the defendants, Silas P. Brown and others, and also from an order made at the Broome Special Term on the 7th day of November, 1893, and entered in said clerk's office, overruling such demurrer.

*Babcock, Sperry & Van Cleve,* for the appellants.

*A. D. Wales,* for the respondents.

MERWIN, J.:

This action is brought for the partition of two parcels of real estate. In the complaint it is alleged that the plaintiff, as the devisee of Ruth Ann Blatchley Marvin, is the owner of an undivided one-third interest in the first parcel, and an undivided two-ninths interest in the second parcel. It is also alleged that Hortensius Blatchley at the time of his death in December, 1887, was the owner of an undivided one-third interest in the first parcel, and an undivided five-ninths interest in the second parcel, and that the

defendants Silas P. Brown and James E. Kent claim to own such interests by virtue of a deed from G. Ambrose Blatchley, the sole heir at law of said Hortensius, and that the defendants Nellie V. Watson and Millie L. Watson also claim to be the owners of such interests as devisees under the will of said Hortensius, made on the 16th of June, 1885. The defendants Nellie V. Watson and Millie L. Watson answered, admitting the interest of plaintiff as alleged in the complaint, and alleging that they, as devisees under the will of Hortensius Blatchley, were the owners of the interests which Hortensius held at the time of his death; that such will was dated on or about the 16th of June, 1885, and was duly made and executed by said Hortensius, and was in existence at the time of his death, and had never been revoked, but that after his death and before it was proved or recorded, it was lost or destroyed without their knowledge or consent, and could not be found by them. A copy was annexed to the answer. They denied that the defendants Brown and Kent had any interest in the premises. Judgment was demanded that it be adjudged that the defendants Brown and Kent had no interest in the real estate of which Hortensius Blatchley died seized, but that the defendants Nellie V. Watson and Millie L. Watson were the owners of the same.

The defendants Brown and Kent also answered, among other things denying the interest of plaintiff in the premises, denying that the defendants Watson had any interest therein, and alleging that Hortensius Blatchley died intestate, and that they as grantees of his only heir at law were the owners of a two-thirds interest in the first parcel, and a seven-ninths interest in the second parcel. In the ninth subdivision of this answer, for further answer to the complaint and the allegations thereof relating to the alleged interest of the Watsons, and as a bar against said Watsons, it was alleged that on or about the 20th of June, 1889, the said Nellie V. and Millie L. Watson, by their guardian ad litem, commenced an action in the Supreme Court to obtain a judgment decreeing that the will of Hortensius Blatchley, under which the said Watsons claim, be established as the last will and testament of said Blatchley, as a will lost or destroyed subsequent to his death; that in that action the said Brown and Kent were made parties defendant as well as the heir at law and administrator of said Blatchley; that Brown and Kent appeared

and answered generally the allegations of the complaint; that the issues were duly referred to a referee to hear and determine, and were duly tried, and the referee found and decided that said will was revoked by said Blatchley in his lifetime and was not in existence at his death, and that he died intestate, and that the defendants therein were entitled to judgment dismissing the complaint on the merits; that judgment was accordingly entered on the 20th of May, 1893, and a copy was attached.

The answer of Brown and Kent in the present case demanded judgment, among other things, that the defendants Watson be decreed to have no interest in the premises. This answer was duly served on the Watsons and on the plaintiff, and the answer of the Watsons was duly served on Brown and Kent and on the plaintiff. Thereupon the defendants Watson served a demurrer to the ninth defense or subdivision of the answer of Brown and Kent, the ground of demurrer being stated "that the same is insufficient in law upon the face thereof." This was brought to a hearing at Special Term, and a decision made "that the demurrer will not lie by the demurrants Watson to the answer of their co-defendants Brown and Kent;" that the defendants James Brown and Ellen Kent "are entitled to an interlocutory judgment overruling said demurrer, and that the said defendants Watson are permitted to answer or reply, under the rules and practice of this court." From the interlocutory judgment entered thereon the present appeal is taken.

Was the Special Term correct in holding that the demurrer would not lie? The claim of the respondents is that there is no law or authority which permits a demurrer in such a case. There seems to be no provision of the Code that authorizes it. By sections 488 and 492 a defendant is authorized to demur to the complaint or to one or more separate causes of action stated therein, and he may demur to the reply (§ 493) or to a separate traverse to, or avoidance of, a defense or counterclaim, contained in the reply. The plaintiff may demur to a counterclaim or a defense consisting of new matter, contained in the answer. (§ 494.) These provisions do not reach the present case. Section 521 treats of the determination of the ultimate rights of two or more defendants as between themselves, but no provision is made that one defendant may demur to the answer of the other.

The answer, which is demurred to in the present case, was served in pursuance of section 1543, which is as follows : " The title or interest of the plaintiff in the property, as stated in the complaint, may be controverted by the answer. The title or interest of any defendant in the property, as stated in the complaint, may also be controverted by his answer, or the answer of any other defendant ; and the title or interest of any defendant, as stated in his answer, may be controverted by the answer of any other defendant. A defendant, thus controverting the title or interest of a co-defendant, must comply with section five hundred and twenty-one of this act. The issues, joined as prescribed in this section, must be tried and determined in the action." The provision of section 521, there referred to, required that a defendant who sought a determination between himself and a co-defendant must demand it in his answer, and must, at least twenty days before the trial, serve a copy of his answer upon the attorney for each of the defendants to be affected by the determination, and personally, or as the court or judge may direct, upon defendants so to be affected who have not appeared in the action.

It will be observed that section 1543 states the method in which issues between co-defendants in a partition case shall be joined, and that no demurrer is provided for. The fact that no time was provided for the service of the answer upon the co-defendant, except that it must be served twenty days before the trial, would seem to indicate that no further pleading was deemed necessary or appropriate. The issues so joined were to be tried and determined as issues in the action. (*Hagerty* v. *Andrews*, 94 N. Y. 198 ; *Shannon* v. *Pickell*, 2 N. Y. St. Repr. 160.)

By section 140 of the Code of Procedure all the forms of pleading theretofore existing were abolished, and thereafter the forms of pleading in civil actions in courts of record and the rules by which the sufficiency of the pleadings should be determined were those prescribed by that act. Under this, as said by Judge GRIDLEY in *De Witt* v. *Swift* (3 How. Pr. 280), the demurrer could only be adopted in the particular cases prescribed by the act. The substance of the provision of the Code of Procedure was preserved in section 518 of the Code of Civil Procedure, which provides that, " This chapter prescribes the form of pleadings in an action, and the rules by which the sufficiency thereof is determined, except where special provision

is otherwise made by law." (See 1 Rumsey's Pr. 244.) In *Marie v. Garrison* (83 N. Y. 23) it is said by ANDREWS, J., that "special demurrers, as known to the former practice, have no place in our present system of pleading. The Code authorizes a demurrer for specific causes, and no pleading is demurrable unless it is subject to one or more of the objections specified in the section defining the grounds of demurrer."

We fail to find any authority for the interposition of the demurrer in the present case, and we are, therefore, of the opinion that the Special Term properly held that it would not lie.

It may be that the respondent might have moved to have the demurrer stricken out as irregular (*Doughty* v. *Devlin*, 1 E. D. Smith, 629), but no question is here made on that subject and the appellant is not in a position to raise any. The demurrer was properly overruled and the judgment should be affirmed.

HARDIN, P. J., and MARTIN, J., concurred.

Interlocutory judgment affirmed, with costs, on the ground that the demurrer would not lie.