(37 Misc. Rep. 143.)

### SLOCUM v. SLOCUM.

(Supreme Court, Special Term, Tioga County.   January 4, 1902.)

1. MARRIAGE—INFANCY—ANNULMENT—RIGHT OF PARENTS.

Where a mother brought an action against her son's wife to annul the son's marriage, and the answer set up a counterclaim alleging the infidelity of the husband, and asking for divorce, the rule of equity leaving parties in the position in which the court found them when they do not come into court with clean hands had no application, since it must be presumed that the plaintiff was an innocent party.

2. SAME—COUNTERCLAIM.

The counterclaim could not be asserted under Code Civ. Proc. § 1770, providing that, where an action is brought by either husband or wife as prescribed in the articles relating to actions for divorce or separation, a cause of action against the plaintiff and in favor of the defendant arising under either of said articles may be interposed, in connection with a denial of the material allegations of the complaint, as a counterclaim; since such section was limited to separation and divorce, or, if not so limited, could only be used in an action brought by the husband or wife to annul the marriage.

3. SAME—STATUTORY RIGHT.

The parent's action under Code Civ. Proc. § 1744, providing that an action to annul a marriage on the ground that one of the parties had not attained the age of legal consent may be maintained by a parent, cannot be defeated by an answer setting up as a counterclaim the infidelity of the plaintiff's son, and asking for a divorce.

Action by Luella D. Slocum against Anna C. Slocum. Demurrer to the answer sustained.

F. W. Clifford, for plaintiff.
Frank A. Darrow, for defendant.

FORBES, J. This is an action to annul a marriage, under sections 1743, 1744, Code Civ. Proc. The plaintiff is the mother of one of the contracting parties, against the defendant, the other con-

tracting party. The answer sets up a counterclaim alleging the infidelity of the plaintiff's son, and defendant asks for an absolute divorce for principal cause. To this defense the plaintiff demurs, and states as grounds that this subdivision of said answer "does not state facts sufficient to constitute a defense"; second, that said answer is not sufficient, in law, to constitute a defense. This raises a question which must be tested by the pleadings. The action is not in equity. Equitable relief cannot be applied. The demurrer is an admission of the relevant facts pleaded. The only thing which the court can do is to determine whether that portion of the answer constitutes a proper legal counterclaim to the cause of action set forth in the complaint; or whether that portion of the pleading, taken as admitted, constitutes a defense. We cannot, by force of the facts admitted, apply the relief which equity sometimes affords,— of leaving the parties in the position in which we find them when they do not come into court with clean hands. The plaintiff was not a party to the marriage contract. Whether she consented to his marriage is put in issue. The court should not apply the equitable remedy suggested, since it must be presumed that the plaintiff is an innocent party, and, if her position is sustained, she is entitled to maintain this action. The pleading is to be used as a declaration or an assertion of a fact, not as the evidence of that fact. The matter demurred to is not set up as a defense for the purpose of defeating the cause of action set forth in the complaint, but the answer is sought to be used as a counterclaim to a cause of action not arising out of the marriage contract. The answer asks for an affirmative judgment, not against the plaintiff, but against her son, who is not a party to this action. Treated as a counterclaim, a judgment rendered in favor of the defendant by this method of procedure would result in obtaining a judgment against a person not the plaintiff in the action; a judgment with all of the incidents and force of a decree of divorce, with all of its penalties, arising from the misconduct, not of the plaintiff, but of her son, for an offense committed subsequent to the marriage contract, and arising not out of the marriage contract, but out of misconduct relative to the marital obligations of a party to the contract of marriage. A demurrer is only authorized by the Code of Civil Procedure. The manner of its interposition is limited to the provisions of the Code. Those provisions are plainly pointed out. No other method can be adopted in making an issue of this character. It has been held that a demurrer cannot be interposed to the answer of a co-defendant in the nature of a cross answer to settle the rights of the defendants between themselves. The denial of this right is based upon the lack of authority in the Code of Civil Procedure, there being no provision for a demurrer to such an answer. Stewart v. Blatchley, 8 Misc. Rep. 472, 29 N. Y. Supp. 547 (Forbes, J.), affirmed 77 Hun, 425, 28 N. Y. Supp. 800. This class of actions are denominated "marital actions." The legislature provided for and has given a construction to counterclaims which may be used to defeat an action for a divorce or for a separation. Code Civ.

Proc. § 1770. An action to annul a marriage is not included in that provision. If this provision had been intended to cover an action to annul a marriage, the legislature undoubtedly would have said so. If this provision in an answer could be used at all, it can only be used in an action brought by the husband to annul the marriage. It is possible, in such an action, that this defense might be pleaded for the purpose of defeating the plaintiff's claim, since the equitable rule already suggested perhaps then might be applied, if the evidence warranted that disposition of the case. The Code gives the right to annul a marriage contract where it was entered into before either party arrives at the age of consent, which, under our statute, is 18 years. That right is given to this plaintiff also as the mother of one of the contracting parties. Can the plaintiff's right to maintain this action, given to her by statute, be defeated by a defense of this character, not because of her misconduct, but in consequence of the conduct of her son in violating the marriage vow,—for infidelity to the obligations of his marital rights? I think not, at least as it is now pleaded. A demurrer is interposed to test the validity of the pleading, not to test the equity of the proposed defense. Can this defense be made in any form against the plaintiff to this action? Could the plaintiff's son, the husband of the defendant, if he so desired, defeat the plaintiff's action to annul his marriage, having first disregarded his mother's authority to enter into the contract, and then destroy her right of action, upon the theory that he has violated his obligation of purity to his wife? Can the mother be charged with these acts of disobedience and infidelity? If so, it lies in the son's power to make the law giving the mother the right to maintain this action absolutely nugatory. She has the right to maintain the action because the statute makes necessary her consent to the marriage contract of her infant son or her subsequent acquiescence in the marriage necessary to make it nonvoidable. Under the statute the present action is the mother's action, not the husband's; and she can maintain it in spite of her son's efforts to defeat it by his subsequent conduct. It is said that the wife is alone the real sufferer; that she stands without remedy, burdened with the issue of the marital relations. But does not the position which she occupies arise, partly, at least, from her own haste and fault? If not, she has her remedy against the husband. The presumption is that she knew the law, and she must regard it. Having entered into a voidable contract, can she defeat the mother's right to reclaim and restore her son to his former state of celibacy? I think not.

The demurrer must therefore be sustained, with leave, however, to answer within 20 days after the service on the defendant's attorney of the interlocutory judgment.