Error.

---

ARTHUR VIVIAN v. SEASHORE TRANSPORTATION COMPANY and DOVER-SOUTHBOUND RAILROAD COMPANY.

(Filed 27 March, 1929.)

1. **Parties Defendant—Joinder—Joint Tort-Feasors—Automobiles—Railroads—Demurrer—Negligence.**

   Where a passenger of an autobus transportation company sues the bus company and a railroad company for injuries alleged to have been caused by a collision between the bus of one defendant and the train of the other, with allegations of negligence as to each, he may recover against either or both defendants upon their joint or combined negligence, and a demurrer to the complaint is bad.

2. **Same.**

   Where two defendants are sued for a joint tort, and one has filed an answer alleging the negligence of the other as the sole proximate cause of the injury in suit, but asks no relief against its codefendant, the demurrer of the latter to the answer of the former should be disregarded.

Civil action, before *Grady, J.,* at November Term, 1928, of Lenoir. The plaintiff alleged that on or about 20 July, 1927, he was a passenger on a bus owned and operated by the defendant, Seashore Transportion Company, and traveling from New Bern to Kinston; that said bus was equipped with faulty and defective brakes and operated in a careless, negligent and reckless manner, and at an unlawful rate of speed; that when said bus approached Phillips crossing it failed to stop as required by law, but was carelessly and negligently driven into a train owned and operated by the defendant, Dover-Southbound Railroad Company, and that as a result of said collision plaintiff sustained serious and permanent injuries. The defendant, Transportation Company, made a motion in the cause asking that the Railroad Company be made a party to the suit. The trial judge entered an order making the Railroad Company a party defendant, and summons was duly issued and served upon said defendant. The answer of the Transportation Com-

pany denied that it was guilty of any negligence, and as a further defense alleged that the collision between the bus and the train, resulting in injury to the plaintiff, was caused by the negligence of the Railroad Company, for that said company permitted obstructions, bushes and weeds to grow upon its right of way near said crossing so as to obscure the view of those approaching its track, and furthermore, that at the time of the collision the said defendant failed to keep a proper lookout or give any signal as the train approached said crossing, and that "any injury to the plaintiff  .  .  .  is due directly and proximately to the carelessness of the defendant, Dover-Southbound Railroad Company."

Thereupon the plaintiff filed an amended complaint adopting all the allegations ·in the original complaint against the Transportation Company, and further alleging that the said collision was due to the wilful, wanton, careless, negligent and unlawful manner in which the defendant, Transportation Company, was operating the bus in which the plaintiff was riding at the time as passenger, and the wilful, wanton, careless, negligent and unlawful manner in which the defendant, Railroad Company, was operating its train at said crossing,  .  .  .  in that it failed to give any warning or signal of its approach and failed to keep proper lookout as its train entered the crossing.

The defendant, Dover-Southbound Railroad Company, demurred to the complaint and the amended complaint upon the ground that no cause of action was alleged therein, and upon the further ground that there was. a misjoinder of causes and of parties. And said defendant further demurred to the answer of the Transportation Company upon the same ground.

The trial judge overruled the demurrers of the defendant, Railroad Company, and it appealed.

*Cowper, Whitaker & Allen for plaintiff.*
*Dawson & Jones for defendant, Transportation Company.*
*Warren & Warren for defendant, Dover-Southbound Railroad Company.*

Brogden, J. The principle of law applicable to the controversy in its present stage is stated in *Ballinger v. Thomas*, 195 N. C., 517, 142 S. E., 761, as follows: "That one who is riding in an automobile, the driver of which is not his agent or servant, nor under his control, and who is injured by the joint or combined negligence of a third person and the driver, may recover of either or both, upon proper allegations, for the injuries thus inflicted through such concurring negligence, is fully established by our own decisions and the great weight of authority elsewhere."

The complaint and the amended complaint allege a cause of action against both defendants, and therefore the demurrer to the pleadings filed by the plaintiff was properly overruled. The answer of the Transportation Company alleges negligence on the part of the railroad as the sole and proximate cause of plaintiff's injury, but the Transportation Company asks for no relief against the Railroad Company. Hence the demurrer of the Railroad Company to the answer of the Transportation Company should be disregarded. *Bargeon v. Transportation Co., post,* 776; *Ballinger v. Thomas,* 195 N. C., 517.

Affirmed.