The plaintiff alleged that on or about 20 July, 1927, he was a passenger on a bus owned and operated by the defendant, Seashore Transportation Company, and traveling from New Bern to Kinston; that said bus was equipped with faulty and defective brakes and operated in a careless, negligent and reckless manner, and at an unlawful rate of speed; that when said bus approached Phillips crossing it failed to stop as required by law, but was carelessly and negligently driven into a train owned and operated by the defendant, Dover-Southbound Railroad Company, and that as a result of said collision plaintiff sustained serious and permanent injuries. The defendant, Transportation Company, made a motion in the cause asking that the Railroad Company be made a party to the suit. The trial judge entered an order making the Railroad Company a party defendant, and summons was duly issued and served upon said defendant. The answer of the Transportation Company *Page 775 
denied that it was guilty of any negligence, and as a further defense alleged that the collision between the bus and the train, resulting in injury to the plaintiff, was caused by the negligence of the Railroad Company, for that said company permitted obstructions, bushes and weeds to grow upon its right of way near said crossing so as to obscure the view of those approaching its track, and furthermore, that at the time of the collision the said defendant failed to keep a proper lookout or give any signal as the train approached said crossing, and that "any injury to the plaintiff . . . is due directly and proximately to the carelessness of the defendant, Dover-Southbound Railroad Company."
Thereupon the plaintiff filed and amended complaint adopting all the allegations in the original complaint against the Transportation Company, and further alleging that the said collision was due to the wilful, wanton, careless, negligent and unlawful manner in which the defendant, Transportation Company, was operating the bus in which the plaintiff was riding at the time as passenger, and the wilful, wanton, careless, negligent and unlawful manner in which the defendant, Railroad Company, was operating its train at said crossing, . . . in that it failed to give any warning or signal of its approach and failed to keep proper lookout as its train entered the crossing.
The defendant, Dover-Southbound Railroad Company, demurred to the complaint and the amended complaint upon the ground that no cause of action was alleged therein, and upon the further ground that there was a misjoinder of causes and of parties. And said defendant further demurred to the answer of the Transportation Company upon the same ground.
The trial judge overruled the demurrers of the defendant, Railroad Company, and it appealed.
The principle of law applicable to the controversy in its present stage is stated in Ballinger v. Thomas, 195 N.C. 517, 142 S.E. 761, as follows: "That one who is riding in an automobile, the driver of which is not his agent or servant, nor under his control, and who is injured by the joint or combined negligence of a third person and the driver, may recover of either or both, upon proper allegations, for the injuries thus inflicted through such concurring negligence, is fully established by our own decisions and the great weight of authority elsewhere." *Page 776 
The complaint and the amended complaint allege a cause of action against both defendants, and therefore the demurrer to the pleadings filed by the plaintiff was properly overruled. The answer of the Transportation Company alleges negligence on the part of the railroad as the sole and proximate cause of plaintiff's injury, but the Transportation Company asks for no relief against the Railroad Company. Hence the demurrer of the Railroad Company to the answer of the Transportation Company should be disregarded.Bargeon v. Transportation Co., post, 776; Ballinger v. Thomas, 195 N.C. 517.
Affirmed.