42462, 42463. RHODES et al. v. BAKER et al.; and vice versa.
42464. GRAVES v. BAKER et al.

PANNELL, Judge. Mrs. Jaynelle Baker filed suit for the alleged wrongful death of her daughter, Rose Baker, against four defendants, Ray Rhodes, Wayman C. Hilley, Miss Rena Graves, and Vandiver Feed Company. The jury returned a verdict against Ray Rhodes and Wayman C. Hilley, who are appellants here, and in favor of defendants, Miss Graves and Vandiver Feed Company.

The recast petition alleged that all the defendants were jointly

and severally liable, due to the negligence of all causing the death of her daughter. Plaintiff alleged that on November 5, 1964, at about 9 p.m., her daughter was a guest in a car driven by Miss Graves which collided with the rear of a truck parked on Milledge Avenue in Athens, Ga., that Vandiver Feed Company owned the two-ton truck not equipped with two reflectors visible at night for a distance of 300 to 500 feet from rear of said vehicle, and loaned same to defendant, Rhodes. It was parked on Milledge Avenue at the direction of Rhodes by Hilley, who was the servant and agent of Rhodes, and engaged in the scope of his employment at the time of parking, and further that Miss Graves was negligent in not seeing or avoiding the truck.

An ordinance of the City of Athens prohibited the parking of trucks of the type in question for more than one hour on any street in the city, and the petition alleged negligence per se in parking the truck for more than one hour in violation of said ordinance. Negligence per se was also alleged because the truck was parked within 12 feet of the center line of the state-aid road in violation of Sec. 92 (a) 15 of the Uniform Act Regulating Traffic on Highways.

Various demurrers of the parties were overruled and the trial resulted in a verdict in favor of the plaintiff against Rhodes and Hilley only. Motions for a new trial were filed by the plaintiff and by Rhodes and Hilley, which were overruled. The plaintiff appeals enumerating error on the general grounds and on certain charges of the court to the effect that plaintiff was a guest passenger of the defendant Graves. Defendant Graves filed a cross appeal enumerating as error the overruling of her general demurrer to the plaintiff's petition. Rhodes and Hilley filed a separate appeal containing sixty-six enumerations of error which, because of the similarity of some of them, are reduced to thirty-four legal questions by the appellants, Rhodes and Hilley, in their brief. There was a verdict against Rhodes and Hilley only. *Held:*

1. Where it appears that a plaintiff was injured or damaged through the negligent acts of two or more tortfeasors whose negligence is not imputable to the plaintiff and which concur in constituting the proximate cause of such injury or damage, recovery may be had against any one or all of such tortfeasors. In determining whether or not alleged acts constitute negligence, questions as to diligence and negligence,

including what negligence constitutes proximate cause of the injury, are peculiarly for the jury and will not be resolved on demurrer, except where such questions appear palpably clear, plain and indisputable. Where reasonable minds might disagree as to whether such acts constitute actionable negligence, a jury question is presented. Where a jury question is otherwise presented as to whether the concurrent negligence of two defendants caused the plaintiff's injuries, the issue will not be resolved as a matter of law in favor of one defendant because the other defendant failed to exercise due care to avoid the consequences of such defendant's negligence. *Atlantic C. L. R. Co. v. Coxwell*, 93 Ga. App. 159 (3) (91 SE2d 135). The plaintiff's daughter was a guest passenger. The court did not err in overruling the general demurrers interposed by the defendants.

2. (a) Section 92 of the Uniform Act Regulating Traffic on Highways (Ga. L. 1953, Nov. Sess., pp. 556, 598) as amended (Ga. L. 1963, p. 382; *Code Ann.* § 68-1670 (a) (15)) provides "(a) No person shall stop, stand, or park a vehicle, except when necessary to avoid conflict with other traffic or in compliance with law or the directions of a police officer or traffic-control device, in any of the following places. . . 15. It shall be unlawful for any person to stop or park any automobile, truck, tractor, trailer, or other motor vehicle . . . on or along any State-aid road or highway, unless such vehicle be placed so that it is at least twelve feet removed from the center line of such State-aid road or highway; and such vehicle shall be so parked that no portion thereof shall be within twelve feet of the center line of such State-aid road or highway." Section 28 of that Act (p. 567) provides that the Act "shall be applicable and uniform throughout this State and in all political subdivisions and municipalities therein, and no local authority shall enact or enforce any ordinance, rule, or regulation in conflict with the provisions of this Act unless expressly authorized herein. Local authorities may, however, adopt additional traffic regulations which are not in conflict with the provisions of this Act" and in Section 29 states "(a) The provisions of this Act shall not be deemed to prevent local authorities with respect to streets and highways under their jurisdiction, and within the reasonable exercise of the police power from: 1. Regulating the standing or parking of vehicles." The provisions

of Section 92 (a) 15 apply to state highways in municipalities. *National Upholstery Co. v. Padgett,* 108 Ga. App. 857 (134 SE2d 856). An ordinance of the City of Athens provides: "It shall be unlawful for any person to park any truck or tractor-trailer combination unit or trailer having a rated pay load capacity greater than one ton on any street of the city for a period of time in excess of one hour; provided, however, that any period of time which such truck or tractor-trailer combination unit is being actually loaded or unloaded shall be excluded in computing such period of one hour." The defendants, Rhodes and Hilley, are charged with the violation of both the statute and the ordinance. The contention is made that the ordinance is authorized under the statute and permits parking on the state highway, and therefore, the statute has no application. It is also contended that the ordinance is in conflict with the statute and therefore invalid. Neither position is tenable. Assuming, without deciding, that the statute allows municipalities to permit parking on the streets of the municipality (which is also a state highway) contrary to the requirements of Section 92 (a) 15 of the statute, the ordinance here in question is not one permitting parking at any location in the City of Athens, but is a general ordinance prohibiting certain types of parking on any street of the city. This is not to be construed to mean that the type of parking prohibited for more than one hour is by implication permitted up to one hour on any street in the city; nor can it be successfully contended that it permits parking in violation of the twelve-foot rule prohibited by Section 92 (a) 15 of the statute. Both the statute and the ordinance are effective.

(b) However, the plaintiff was not one of those for whose benefit and protection, if any, the ordinance was adopted.

In determining whether the violation of the ordinance is negligence *per se* as to a particular person, it is necessary to examine the purpose of the ordinance and decide (1) whether the injured person falls within the class of persons it was intended to protect, and (2) whether the harm complained of was the harm it was intended to guard against. *Huckabee v. Grace,* 48 Ga. App. 621, 636 (173 SE 744).

What was the purpose of the above ordinance? Was it to keep vehicles of this type from (a) monopolizing parking places? or was it (b) to protect travelers on the street?

It seems to us the former. A traveler on the street could as easily collide with such vehicle that had been parked thirty minutes as with one parked for two hours. The ordinance when read as a whole clearly shows that it was intended to permit other vehicles of the same class to load and unload within the city limits of Athens and not to be prevented from doing so because another occupied the space for an unreasonable time. Thus, it appears, this ordinance was to facilitate the business of Athens and not for the purpose of safety on the streets. See *Kibbey Chevrolet v. Anderson,* 111 Ga. App. 90 (140 SE2d 564); *Backers v. Cedartown Coca-Cola Bottling Co.,* 106 Ga. App. 764 (128 SE2d 355). This is not an ordinance permitting limited time parking per vehicle and *prohibiting any parking during certain hours.* Such type ordinance, because of the latter provision, is clearly designed to facilitate the movement of vehicular traffic, or pedestrians, or street-cleaning equipment, during the hours within which no parking is allowed. Limited time per vehicle and limited time per location are for entirely distinct purposes. The limited time per vehicle is for the benefit of others desiring to use the same space, and limited time per location is to clear the location of parked vehicles to facilitate the movement of traffic, etc. The parking of the truck in excess of the per vehicle time limitation during a time when such parking was permissible at that location is no causative factor in connection with the collision which took place here.

It follows, therefore, that the trial court erred in failing to strike the allegations of negligence relating to violations of this city ordinance.

(c) The evidence in this case disclosed the exact location of the collision on Milledge Avenue in the city of Athens, and that there were route signs posted thereon designating this street as State Route 15. It was also posted with signs designating it as two federal routes. In view of the decision of the court in *Jordan v. State,* 212 Ga. 337 (92 SE2d 528), and *Southern R. Co. v. Combs,* 124 Ga. 1004 (53 SE 508), this was sufficient to authorize the application of the statute prohibiting parking within twelve feet of the center line of a state-aid road or highway. Whether or not an ordinance permitting parking closer than twelve feet to the center line would be "in conflict" with the statute, and if "in conflict,"

whether it is one permitted by the statute, it is not necessary to decide.

3. Our system of jurisprudence is an adversary system and it is provided by statute that "a defendant may either demur, plead or answer to the petition." *Code* § 81-301, as amended. See also *Code* § 81-304. Where parties defendant are sued as joint tortfeasors and one defendant in its answer attempts to place the blame for the tort upon the other defendant by allegations appropriate thereto such allegations are not properly demurred to by the co-defendant in the absence of statutory authority (Stuart v. Blatchley, 77 Hun. 425 (28 NYS 800), affirmed 8 Misc. 472 (29 NYS 547)), particularly where there is no affirmative relief sought by the answering defendant against the demurring defendant. See Vivian v. Seashore Transportation Co., 196 N. C. 774 (147 SE 298); Bargeon v. Seashore Transportation Co., 196 N. C. 776 (147 SE 299); 71 CJS 424, Pleading, § 217. There was no error in overruling the demurrers of the defendants Rhodes and Hilley, to the answer of the defendant Graves.

4. The trial judge permitted a witness, an actuarial expert, over objection, to give an opinion (based on earnings, life expectancy, etc.) as to the full value of the life of the deceased. He also, in his charge, in relation to the same subject matter, in charging on reducing lifetime income to a present cash value, stated that the sums found "will be, if it has been determined in accordance with the rules I have given you, the full value of the life of the deceased, and the amount which the plaintiff is entitled to recover in this case. . ." The jury is not bound to find that lifetime earnings reduced to present value is the "full value of the life of the decedent" but such is an aid only to the jury in making such determination. *Standard Oil Co. v. Reagan,* 15 Ga. App. 571, 572 (5, 6) (84 SE 69). While the trial judge, by his additional charge and instructions, may have eradicated the effect of the above errors, it is the better practice not to permit a witness to give such opinion or to instruct the jury that such "present cash value" is the full value of the life of the deceased.

5. We have carefully considered the various other enumerations of error and have reached the conclusion they are without merit.

6. Upon application of the above rulings the case is reversed

on the appeal of Rhodes and Hilley (Case No. 42462); the case is affirmed on the appeal of Baker (Case No. 42463); and the case is dismissed on the cross appeal of Graves (Case No. 42464).

*Judgment in Case No. 42462 reversed. Judgment in case No. 42463 affirmed. Judgment in cross appeal, Case No. 42464 dismissed. Bell, P. J., and Jordan, J., concur.*

ARGUED JANUARY 5, 1967—DECIDED JUNE 21, 1967—
REHEARING DENIED JULY 12, 1967—

*Erwin, Birchmore & Epting, Nicholas P. Chilivis*, for Rhodes and Hilley.

*Powell, Goldstein, Frazer & Murphy, Frank Love, Jr., Eugene G. Partain*, for Baker.

*Joseph J. Gaines*, for Graves.

*Guy B. Scott*, for Vandiver Feed Co.