## DARBY *v.* MOORE.

PER CURIAM. 1. On the trial of a suit brought by a widow to recover damages for the homicide of her husband, under sections 4424-4425 of the Civil Code of 1910, it was not error to permit her to testify that he had been twice married and that at the time of the suit three minor children by the former marriage were living. The recovery, if any, in

such case is for the benefit of the widow and minor children; and that being so, the testimony was not objectionable as irrelevant.

2. On the trial of such case, there being evidence tending to show that the plaintiff's husband was the aggressor, evidence of uncommunicated threats by the deceased toward the defendant, previously to the fatal rencounter, are admissible as tending to show the animus and intent of the assailant at the time the difficulty occurred. The rejection of testimony as to such threats was error requiring the grant of a new trial. *Rouse* v. *State*, 135 *Ga.* 227 (69 S. E. 180); *Pride* v. *State*, 133 *Ga.* 438, 439 (66 S. E. 259).

3. A witness for the plaintiff was permitted to testify, over objection, that he was present at the coroner's inquest held over the body of the deceased, that he heard a witness (since deceased) testify under oath on that hearing, and that he remembered the substance of the testimony of the deceased witness; and he undertook to repeat the substance of it, giving the details of the fatal rencounter between the defendant and the deceased. (At the time of the trial in the suprior court when the above testimony was introduced the witness (Lake) was dead, and the defendant (Darby) introduced his testimony taken on a former trial of this case, which appears in the brief of evidence.) The evidence objected to was offered for the purpose of impeachment, and was not inadmissible on the ground that it was hearsay. (Civil Code of 1910, § 5773), nor on the ground that on the former trial no foundation was laid for the introduction of testimony for the purpose of impeaching the witness.

4. The court charged the jury: "The killing must be the result of that sudden, violent impulse of passion supposed to be irresistible; for if there should have been an interval between the assault or provocation given and the homicide, sufficient for the voice of reason and humanity to be heard, the killing shall be attributed to deliberate revenge and be punished as for murder." This charge, taken in connection with the general charge, in which the court instructed the jury that "it will be proper for you to apply these principles of law to the facts and circumstances of the case, of which you are the sole judges, and determine whether or not the defendant would have been guilty of murder, voluntary manslaughter, or whether the killing was justifiable homicide," etc., was not subject to the criticism that the court should have charged the jury that they were the judges of the cooling time.

5. On the trial of such a civil case as is referred to in the preceding notes, the defendant having filed a plea of justification, it was not error for the court to instruct the jury, under the facts of this case, as follows: "I charge you, gentlemen, that defendant having admitted by his pleadings the killing of O. G. Moore, and that the plaintiff is the widow of O. G. Moore, I charge you that the plaintiff would be entitled to recover damages for the slaying of her husband, unless it is shown to you that such killing was justifiable, or excusable, under the rules of law which will be hereafter given to you in charge." Civil Code (1910), § 4488; *Strickland* v. *A. & W. P. R. Co.*, 99 *Ga.* 124 (24 S. E. 981); *Brooks* v. *Haslam*, 65 Cal. 421 (4 Pac. 399).

6. The other assignments of error are without substantial merit, and are not of such a character as to require elaboration.

*Judgment reversed. All the Justices concur.*
FEBRUARY 25, 1916.

Action for damages. Before Judge Rawlings. Toombs superior court. December 21, 1914.

*Williams & Williams, E. J. Giles, G. W. Lankford, C. W. Sparks,* and *Hines & Jordan,* for plaintiff in error.

*Haygood & Cutts, Pat Herrington,* and *L. J. Cowart,* contra.