7220, 7250.   KEY *v.* ARMOUR FERTILIZER WORKS *et al.;*
and *vice versa.*

1. Where two distinct corporations, through their respective and separate manufacturing plants, discharge noxious and poisonous gases into the atmosphere, which invade the premises of adjacent residents and cause an actionable nuisance, the corporations are not jointly liable for damages, where there is no common design or concert of action, but each is liable for its proportion of the damages only.

2. Where two such separate and distinct corporations in proximity to each other operate their respective and separate plants for manufacturing fertilizers, and, from each plant, noxious and poisonous gases are discharged into the atmosphere and invade the premises of a near-by resident, and so poison and befoul the air therein as to cause sickness and death in his family, and otherwise to injure him, and to create an actionable nuisance, but where there is no common ownership or operation of the plants, no community of interest, and no common design, purpose, concert, or joint action, a suit by the adjacent resident against the two corporations jointly, for damage caused by their respective acts thus separately committed, can not be maintained.

DECIDED JULY 27, 1916.

Action for damages; from city court of Atlanta—Judge Reid. November 30, 1915.

*George F. Gober, W. I. Heyward,* for plaintiff.

*Anderson & Rountree, R. W. Crenshaw,* for defendants.

BROYLES, J.   This was a joint suit for damages against two separate and distinct corporations, with separate and distinct plants, engaged in the manufacture of fertilizers. The plaintiff's

petition alleged that the plants of both defendants discharged therefrom noxious and poisonous gases into the atmosphere, and that these gases invaded his premises and poisoned and befouled the air therein to such an extent as to cause sickness and death in his family, and to otherwise injure and damage him. The defendants interposed a demurrer to the petition, and the court sustained grounds 2, 3, and 4 thereof. These grounds were as follows: (2) "Because neither said petition nor any count thereof states facts sufficient to constitute a joint cause of action against these defendants." (3) "Because in said petition and in each count thereof there is an improper joinder of causes of action, to wit: a separate and distinct cause of action in favor of the plaintiff against the Armour Fertilizer [Works], and a separate and distinct cause of action in favor of the plaintiff against Morris Fertilizer Company." (4) "Because in said petition and in each count there is an improper joinder of parties, for that the Armour Fertilizer Works, if liable at all, is liable only for its own acts and for the damages resulting therefrom, and the Morris Fertilizer Company, if liable, is liable only for its own acts and for the damages resulting from such acts, and neither defendant is liable for the acts of its codefendant or the damages resulting from the acts of its codefendant." In its order sustaining these grounds of demurrer, the court provided that the plaintiff should have ten days within which to elect which one of the defendants he would proceed against, and that in the event of a failure to make such election the case should stand dismissed. The ten days having expired without the plaintiff complying with the order, the case stood automatically dismissed, and the plaintiff excepted.

In our opinion the ruling of the court was correct. The petition showed that the two defendants were separate and distinct corporations, and that they operated separate and distinct plants, and no concert of action, or common design, or community of interest was shown. Conceding that an actionable nuisance appeared, and that both of the defendants contributed to this nuisance, each company was liable for its proportionate part of the damage only. This precise point seems never to have been passed upon by an appellate court of Georgia, but it has been definitely settled in other States. In City of Mansfield v. Bristor, 76 Ohio St. 270 (81 N. E. 631, 10 L. R. A. (N. S.) 806, 118 Am. St. R. 852, 10 Ann. Cas.

767), the Supreme Court of Ohio held that "where different parties discharge sewage and filth into a stream, which intermingle and cause an actionable nuisance, they are not jointly liable for damages when there is no common design or concert of action, but each is liable only for his proportion of the damages." In *Swain v. Tennessee Copper Co.*, 111 Tenn. 430 (78 S. W. 93), the ruling of the Supreme Court of Tennessee was in substance that where two distinct corporations in proximity to each other operate their respective and separate plants for reducing and converting copper ore into metal nuggets or commercial copper, from each of which are emitted immense volumes of noxious, foul, and poisonous smoke and gases, which afterwards indistinguishably mingle, commingle, and intermingle in a cloud of noxious, deadly, and poisonous vapors, creating an actionable nuisance, but when there is no common ownership or operation of the plants, no community of interest, and no common design, purpose, concert or joint action, a suit by an adjoining or adjacent property owner against them jointly, for damages caused by their wrongful acts thus separately committed, is not maintainable. See also, to the same effect, 38 Cyc. 484, 485; *Schneider* v. *City Council of Augusta*, 118 *Ga.* 610 (45 S. E. 459); *Howe* v. *Bradstreet Co.*, 135 *Ga.* 564 (69 S. E. 1082, 22 Ann. Cas. 214). It is true that the Supreme Courts of West Virginia, Indiana, Texas, and possibly some other States, have made contrary rulings, to the effect that under such circumstances independent tort feasors are jointly liable. We think, however, that this view is unsound and that the weight of authority is against it. At any rate, the decisions of our own Supreme Court, by which we are bound, are, in principle at least, to the effect that in such cases a joint action against independent tort feasors will not lie.

It is unnecessary to consider the assignments of error contained in the cross-bill of exceptions.

*Judgment affirmed on the main bill of exceptions; cross-bill dismissed.*