## 13463.   JETER *v.* DAVIS-FISCHER SANITARIUM COMPANY *et al.*

In a suit for damages against a sanitarium corporation and its president, a practicing physician, it was alleged that the plaintiff, upon being informed that this doctor had stated that a patient on whom he had operated in the sanitarium was in need of blood transfusion, volunteered to have the blood taken from herself; that after a test of her blood was made the doctors and nurses of the sanitarium placed her on the operating-table, telling her that taking the blood from her arm would not amount to more than a pin scratch, and that it would be taken with a needle and she would scarcely know it; that she told them not to cut her arm, but only to take the blood with a needle; that without her knowledge they made an incision in her arm and with forceps and fingers pulled up a vein and took therefrom the blood necessary for the transfusion; that the doctors of the sanitarium sewed up the incision (plaintiff not until then knowing that an incision had been made), and she was put to bed in the hospital; that from the treatment she received at the sanitarium by said doctors and nurses she has been unable to use her arm and it has become stiff, her health has been impaired, she has suffered pain, lost weight, and been unable to work, etc.; that the sanitarium, through and by its agents and employees and the doctor first mentioned, committed a tort on her by cutting her arm over her objection and without her knowledge and consent; that they deceived her by telling her they would not cut her arm, and by telling her that the operation would not amount to anything harmful; that the doctors and nurses thereafter neglected her; that they all knew the condition she was in, and wilfully and without cause failed and refused to treat her or dress her arm; that said sanitarium and said doctor (its president) were careless and negligent and wilfully deceived her by telling her they would treat and dress her arm, thereafter failing and refusing so to do; and that they committed said unlawful act in a most unskillful and unscientific manner. *Held,* that the liability, if any was shown, was that of the physician; and that no cause of action was alleged as against the sanitarium.

DECIDED JUNE 13, 1922.   REHEARING DENIED JULY 11, 1922.

Action for damages; from Fulton superior court — Judge Ellis. February 7, 1922.

The judgment complained of was as follows: " Reading the plaintiff's petition as a whole, it appears that the plaintiff was not a patient of the defendant corporation. She was used as a remedy by the physician in charge of another patient. The general charge that this physician used employees of the sanitarium to procure plaintiff to offer her blood for use in the transfusion does not alter the situation. The general demurrer of the defendant corporation . . is sustained, and the case stands dismissed as to that defendant."

*J. V. Poole, Astor Merritt, B. H. Sullivan,* for plaintiff, cited: 148 *Ga.* 438; 1 *Ga. App.* 468; 148 N. W. 582; 126 N. E. 722; L. R. A. 1915D, 611; 52 L. R. A. (N. S.) 505; 6 L. R. A. (N. S.) 306; Park's Code, §§ 4422-3; 1 L. R. A. (N. S.) 439; 76 N. W. 149; Ann. Cas. 1913, 883; 32 L. R. A. (N. S.) 62; 1 *Ga. App.* 636 (1); 47 S. W. 64; 155 N. W. 298; 16 Am. Rep. 681; 100 U. S. 699; 21 How. 202; 93 Fed. 936; 29 Mo. App. 31; 155 N. W. 298; 34 N. Y. 588; 142 S. W. 1076; 122 S. W. 442; 80 S. E. 465; 113 *Ga.* 414, 417; 128 *Ga.* 550; 126 *Ga.* 404, 667; 100 *Ga.* 96, 213; 132 U. S. 518; 20 Fed. 100; 256 Fed. 768; 104 *Ga.* 656; 77 *Ga.* 673; 58 *Ga.* 216; 10 *Ga. App.* 169, 270; 8 L. R. A. (N. S.) 485, 1161; 3 N. W. 541; 69 L. R. A. 513; 42 L. R. A. (N. S.) 1144; 51 L. R. A. (N. S.) 1025.

*Rosser, Slaton & Hopkins,* for defendant, cited: Ga. L. 1913, p. 101, sec. 15; 211 N. Y. 125 (105 N. E. 92); 12 R. I. 411; 2 K. B. (1909) 820; 57 L. R. A. (N. S.) 507; 94 Tenn. 713; 57 So. (Ala.) 23; 57 N. E. (Mass.) 339; 30 L. R. A. 345; 40 N. E. 138; 61 N. W. 1056; 13 So. 638; 39 Pac. 95; 114 *Ga.* 949; 111 *Ga.* 460, 463-4; 16 *Ga. App.* 673.

LUKE, J. The plaintiff sued the Davis-Fischer Sanitarium Company, a corporation, and Dr. E. C. Davis, and alleged substantially: that the Davis-Fischer Sanitarium Company is a private sanitarium run for the purpose of administering to the sick and afflicted for hire; that Dr. E. C. Davis is a practicing physician and is president of the sanitarium; that on July 30, 1921, one Mrs. Lovvorn was a patient in the hospital and was operated on by Dr. Davis; that after the operation Dr. Davis stated that his patient was in need of blood transfusion; that upon its being

known to her that Dr. Davis had stated that it would be necessary to make transfusion of blood for his patient Mrs. Lovvorn, she (Mrs. Jeter) offered her services and proposed that the blood be taken from her; that after a test of her blood was made and while her husband was away (he also having offered his blood for the transfusion), the doctors and nurses of the sanitarium placed her on the operating table, telling her that the taking of the blood from her arm would not amount to more than a pin scratch, and that the blood would be taken with a needle and she would scarcely know it; that she told the doctors and nurses not to cut her arm, but to take the blood with a needle only; that without her knowledge the doctors and nurses made an incision in her arm, and with forceps and with their bare fingers pulled up a vein and took the necessary blood for the transfusion from a vein; that the incision was sewed up by the doctors of the sanitarium and she was put to bed in the hospital; that she did not know that there was an incision made in her arm until after the doctors had quit taking the blood and were sewing her arm up; that on account of the treatment she received at said sanitarium by said doctors and nurses, she has been unable to use her arm and it has become stiff and her health has been almost ruined; that she has lost weight, suffered pain, and is unable to attend to her ordinary household duties; that the said sanitarium, through and by its agents and employees and the said Dr. Davis, mistreated, maltreated, and unlawfully abused, injured, and damaged her by the said acts; that they wilfully committed a tort on her by cutting her arm over her objection and without her knowledge and consent; that they perpetrated a fraud on her; that they deceived her by telling her that they would not cut her arm, and by telling her that the operation would not amount to anything harmful; that the doctors and nurses most grossly neglected and maltreated her after her arm had been unlawfully cut and abused by them; that they all knew the condition she was in, and wilfully and without cause or reason failed and refused to treat her or dress her arm, and that said sanitarium and Dr. Davis were guilty of the grossest carelessness and negligence in not treating her while she was in the sanitarium; that both the sanitarium and Dr. Davis were careless and negligent and wilful in deceiving her by telling her they would treat her and dress her

arm, and in thereafter failing and refusing to do so; that they committed the said unlawful act in a most unskilful and unscientific manner, etc. Damages were laid at $30,000. The Davis-Fischer Sanitarium filed a general and special demurrer to the petition. The court sustained the general demurrer of the Davis-Fischer Sanitarium, and, as to it, dismissed the suit. It is upon this judgment that error is assigned.

It was not error to sustain the general demurrer as to the Davis-Fischer Sanitarium Company. The petition clearly shows that there is no liability upon the part of the sanitarium. The plaintiff volunteered her services, not to the sanitarium, but to a patient who was being treated at the sanitarium, and to the doctor treating the patient. It is not alleged that it was a part of the duty of the sanitarium to furnish the plaintiff's blood to the patient or to the doctor. The acts complained. of are the acts of a physician, and not of the hospital of which the plaintiff's friend was a patient. There is nothing alleged that shows that the sanitarium is responsible to the plaintiff for her pain and her suffering. It is not alleged that the sanitarium employed the specific services of any person to take the blood which she volunteered to give to her friend from her arm. The declaration shows that if there be any liability, it is liability of the physician and not of the sanitarium.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*