23945.  SCOTT *v.* EDWARDS.

Decided January 12, 1935.

*William Brunson, Burch & Daley, Price & Spivey,* for plaintiff in error.

*Felix C. Williams, A. S. Bradley, P. W. Bradley,* contra.

MacIntyre, J.  Clarence Edwards brought an action for damages in Emanuel County against Johnnie McKendree, of said coun-

ty, and W. F. Scott, of Thomas County. McKendree made no defense to the suit, but Scott filed both an answer and a demurrer. The only question for determination is whether or not the court erred in overruling Scott's demurrer to the petition as amended.

It appears from the petition that, on January 23, 1933, the plaintiff, driving two mules hitched to a two-horse wagon, and traveling in a westerly direction, entered upon a bridge spanning Big Canoochee River on a much-traveled public highway; that Scott, who was under a contract with the State Highway Board of Georgia to widen and repair said bridge, had left his "vacant and unguarded" truck parked "on the south side of said bridge . . near the eastern end thereof . . headed eastwardly," and leaving "only a distance of seven feet and six inches from" its left wheels "to the northern and unguarded side of said bridge;" that as plaintiff was turning to his right to go around said truck, another truck, driven by Johnnie McKendree "in a careless and reckless manner and at a high rate of speed," hit and "knocked plaintiff and . . plaintiff's wagon" through the insecure railing constructed by Scott on the right side of the bridge, precipitating them into the stream below and inflicting described injuries; that "from the position of plaintiff's wagon on the bridge, and from the position of the truck of the defendant Scott on the bridge, at the time . . McKendree came over the crest of the hill . . and down the grade toward the eastern approach to said bridge, it appeared to the defendant McKendree that both vehicles were in motion and in process of passing in an orderly manner, and one which would have provided a clearance through which the truck . . of McKendree could have passed had the truck of . . Scott been in motion;" that McKendree "continued to advance down the grade toward the eastern approach toward the bridge in a reckless and negligent manner and at a high rate of speed until he reached a position from which he could observe that the truck of the defendant Scott was not in motion, and at that time the defendant McKendree applied his brakes in an effort to avoid the collision . . , but by reason of his prior negligence was unable to avoid the collision, his truck then being so close to your petitioner and so heavily loaded, and had been traveling at such a rapid and negligent rate of speed, that the defendant McKendree was unable to avoid the results of his own negligence, which, concurrently with

the negligence of the defendant Scott, caused the damage . . set forth;" and that the "acts of negligence of the said McKendree and the said Scott herein specified contributed directly and concurrently in bringing about petitioner's injury."

The acts of negligence specified as the proximate cause of the collision are as follows: (a) Scott's negligence "in leaving the northern side of said bridge without guard rail sufficient to protect the public traveling thereon." (b) Scott's negligence "in permitting an unguarded, unoccupied truck to be parked on the bridge aforesaid, in the condition therein stated, leaving only sufficient passageway for one vehicle carefully driven, and thereby creating a needless and unnecessary hazard to the traveling public, when such truck could and should have been driven off of said bridge a few feet onto the shoulder of the bridge approach, which would, therefore, have created a situation of entire safety to the traveling public and to your petitioner." (c) Scott's negligence "in failing to place warning signs or signals, or to have watchmen at safe and proper distance from said bridge to warn public or any one driving a vehicle thereon of its dangerous condition and of the hazard created by the parking of said unoccupied truck." (d) McKendree's negligence "in operating his truck upon a public highway of this State in a reckless and dangerous manner at a high and excessive rate of speed." (e) McKendree's negligence "in approaching said bridge without having his loaded truck under control so that he was unable to retard and stop the said truck in time to avoid striking the vehicle in which petitioner was riding after the negligence of the defendant Scott, as aforesaid, and petitioner's peril had become apparent to him." (f) McKendree's negligence "in operating a heavily loaded truck at a high and reckless rate of speed and in a negligent manner, with brakes insufficient to control such vehicle at such speed and while operated in such manner."

The defendant Scott demurred to the petition as amended: (1) "Because there is no cause of action set forth in said petition as against this defendant." (2) "Because it affirmatively appears . . that the injuries complained of were not produced by any act of negligence of this defendant, nor was any act of this defendant the proximate cause thereof." (3) "Because it affirmatively appears . . that the injuries complained of were the result of the acts of Johnnie McKendree, and that such acts were

committed by the said Johnnie McKendree, not in any joint enterprise between him and this defendant, nor in the performance of any act or duty in which this defendant was interested, or over which this defendant had any control." (4) "Because . . the city court of Swainsboro had no jurisdiction over this defendant," etc.

"Where an immediate act is done by the co-operation, or the *joint* act of two or more persons, they are all trespassers, and may be sued jointly or severally, and any one of them is liable for the injury done by all. To render one man liable, in trespass, for the acts of others, it must appear either that they acted in *concert,* or that the act of the party sought to be charged, ordinarily and naturally produced the acts of the others." *Brooks* v. *Ashburn,* 9 *Ga.* 297 (3). "Where two or more persons acting independently, without concert, plans, or other agreement, inflict a damage or cause an injury to another person, one of such persons can not be held liable for the acts of the others." *Schneider* v. *Augusta,* 118 *Ga.* 610 (45 S. E. 459). In such a case "each is liable for his proportion only of the damages; and in such a case a joint action against them can not be maintained." But "if the separate and independent acts of negligence of several combine naturally and directly to produce a single injury, they may be sued jointly, despite the fact that the injury might not have been sustained had only one of the acts of negligence occurred." *McGinnis* v. *Shaw,* 46 *Ga. App.* 248 (167 S. E. 533), and cit. This principle was applied in *Aaron* v. *Coca-Cola Bottling Co.,* 143 *Ga.* 153 (84 S. E. 556), and *Jolly* v. *Atlanta,* 37 *Ga. App.* 666 (141 S. E. 223). In *Corley* v. *Cobb County,* 21 *Ga. App.* 219, 223 (93 S. E. 1015), it appeared that in trying to stop a runaway horse driven by the plaintiff's wife a third person caused the horse to run off the abutment of a bridge and injure her. The cause of action was grounded solely upon the negligence of the county in not having the abutment of the bridge protected by guard-rails. This court held that a nonsuit was properly granted, for the reason that the proximate cause of the accident was the "ungovernable nature of the runaway horse and the abortive effort of the bystander to stop it." In that decision the court quoted with approval the following: "It is a general rule as well settled as anything in the law of negligence that a man is responsible for such consequences of his fault as are

natural or probable, and might therefore be seen by ordinary forecast, but if his fault happens to concur with something extraordinary, and therefore not likely to be foreseen, he will not be answerable for the extraordinary result." It appears that in the case of the *City of Albany* v. *Brown,* 17 *Ga. App.* 707 (88 S. E. 215), the plaintiff's automobile ran into a pile of dirt left in a certain street by the city, causing the automobile to be thrown across a street car track of the other defendant at a time when a street car was approaching the automobile from a distance of about ninety feet. This court held: "The petition, failing to show any joint acts of negligence by the two defendants sued, or that there was any concert of action on their part in the alleged damage to the automobile, did not establish that they were joint tort-feasors, and the court erred in overruling the city's general demurrer to the petition." See also *Key* v. *Armour Fertilizer Works,* 18 *Ga. App.* 472 (89 S. E. 593). In *Atlanta, Birmingham & Coast R. Co.* v. *Mullis,* 43 *Ga. App.* 692 (159 S. E. 893), it was said: "In this suit against a railroad company and an individual to recover damages for personal injuries alleged to have been sustained by the plaintiff as a result of the concurring negligence of the defendants, the petition as against the railroad company was fatally defective and subject to general demurrer because it affirmatively appeared from the allegations that the proximate cause of the plaintiff's injuries was not the conduct of the defendant railroad company in placing the piling and beams upon the roadside, but was the defect in the gear of the truck on which the plaintiff was riding, by reason of which the driver was 'without a brake and without any means of controlling the truck,' and was unable to 'turn it sharply to the left' and avoid a collision with the obstruction so maintained by the railroad company." See cases cited to support this holding.

The petition alleges that McKendree "was unable to avoid the collision, his truck then being so close to your petitioner and so heavily loaded, and had been traveling at such a rapid and negligent rate of speed, that the defendant McKendree was unable to avoid the results of his own negligence." We do not think that any act of Scott "ordinarily and naturally produced," or had any part in producing, the act of McKendree which resulted in the catastrophe. McKendree and Scott were "acting independently, without concert, plans or other agreement." If a man is only "responsible

for such consequences of his fault as are natural or probable, and might therefore be seen by ordinary forecast," Scott is not liable in this case. We are satisfied that the negligence of the defendant McKendree, unmixed with any negligence alleged against Scott, was the proximate cause of the collision. We therefore hold that the court erred in overruling Scott's demurrer.

*Judgment reversed. Broyles, C. J., and Guerry, J., concur.*