27170. LAKE *et al.* v. BACCUS.

DECIDED MARCH 16, 1939.

*W. E. Ball, C. R. Wheeless,* for plaintiff in error.
*John W. Bolton, G. N. Bynum,* contra.

MACINTYRE, J. The defendants filed a general demurrer to the plaintiff's petition on the following grounds: "That the plaintiff's petition as amended sets forth no cause of action. That plaintiff's petition as amended is a declaration counting upon fraud which does not allege such facts as would in law amount to a fraud upon the part of these defendants. That plaintiff's petition, as amended, is too indefinite, too uncertain and too vague to obtain any recovery whatsoever." In their brief the defendants emphasized the argument that the plaintiff's petition does not allege that the doctors "promised to cure the boy of an incurable disease, or any particular ailment;" and they further argue that it was necessary to allege what ailment it was that the examination revealed, and that Drs. Lake and Stanford promised to cure the ailment revealed by their examination, as chiropractors, and that the doctors did not fulfill their promises. It should be noted that this is not a case based on the theory of malpractice, or upon the negligence of the doctors. Malpractice is a failure of the physician to exercise the required degree of care, skill, and diligence, and generally the physician "is only required to possess and exercise the degree of skill and learning ordinarily possessed and exercised under similar circumstances by the members of his profession in good standing, and to use ordinary and reasonable care and diligence, and his best judgment, in the application of his skill to the case." 48 C. J. 1113, § 101.

The law does not require the physician to guarantee results, but a contract between the parent of the patient, a minor child, and his

physician that the latter's right to compensation shall be dependent upon his curing the patient is a valid and binding contract. This is such a contract as Corpus Juris refers to as a "no cure, no pay" contract. 48 C. J. 1160, § 176. In Frankel *v.* Wolper, 181 App. Div. 485 (169 N. Y. Supp. 15); Thomas, J., speaking for the court said: "The contract of a physician to cure a patient does not mean that in case of failure he will pay the damages resulting from the malady continuing, or for the results of his lack of skill or ignorance, or for the physical consequence, or for treatment by other physicians necessitated by the patient's condition. While a contract to cure a patient does involve the elimination of the patient's condition, the physician can not be held responsible for suffering from a cause which he agrees to end but does not end, unless he is guilty of malpractice. A physician must have skill, care and judgment and use them, and if he fails to use them and pain results therefrom, whether or not there be ultimate cure, he is liable. *It seems, that where a physician agrees to cure a patient and fails to do so the patient is absolved from payment and may recover advances made and expenditures for nurses, medicines, etc.*" (Italics ours.)

If the doctors in the instant case made the statement that it was their belief that the patient did not have an incurable disease, the contradiction of the good faith of the doctors must be established, not by showing that the fact was different from their representations, but that they fraudulently represented to the parent that their opinion and belief were that the patient did not have an incurable disease. The affirmation of their belief is the affirmative fact, that is, the fact of belief; and if it is fraudulently made to mislead or to cheat another, to abuse his confidence or to blind his' judgment, it is in law and morals just as reprehensible as if any other fact had been affirmed for like purpose. Thus, where a party, as a doctor, possesses special learning or knowledge on the subject with respect to which he expresses an opinion, and, for the purpose of obtaining employment, makes a false statement and representation to him who is ignorant upon the subject, and where the deception of the doctor is designed and money is obtained thereby, there is liability for the money thus fraudulently obtained. Hedin *v.* Minneapolis Medical &c. Institute, 62 Minn. 146 (64 N. W. 158, 35 L. R. A. 417, 425, 54 Am. St. R. 628).

The instant case is one where the plaintiff's petition sets forth facts showing that the physicians fraudulently misrepresented the physical condition of the minor child of the plaintiff for the purpose of securing employment from the plaintiff as physicians, and the plaintiff, relying on the misrepresentations, employed them to treat her minor child and paid them $140 therefor, and now asks to recover this money so paid. The plaintiff's petition in effect alleges that the defendants falsely and fraudulently misrepresented the condition of her child for the purpose of securing the employment, that the plaintiff relied upon those misrepresentations and, so relying, did employ and pay them; or, in other words, that the money was obtained by false and fraudulent representations. Since fraud vitiates every contract which may be based upon it, the conclusion follows that the money obtained by false and fraudulent representations may be recovered. Barker v. Weeks, 182 Wash. 384 (47 Pac. (2d.) 1).

The disease with which the patient was afflicted was not material under the theory of this case. The material question was whether the defendants had effected a cure. Hollywood v. Reed, 57 Mich. 234 (23 N. W. 792, 793).

Where the petition states the facts upon which the claim of fraud is based, a general allegation in the petition, following a statement of facts relied upon to show fraud, will be construed to have reference to the particular facts pleaded; and if demurred to, the demurrer will then raise the question whether the conclusion is good in law. *Fuller* v. *Inman,* 10 *Ga. App.* 680 (74 S. E. 287); *King Hardware Co.* v. *Ennis,* 39 *Ga. App.* 355 (147 S. E. 119).

The petition as amended was not subject to general demurrer. The judge did not err in sustaining the certiorari.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*