18773. VAUGHN *v.* BURNETTE *et al.*

SUBMITTED OCTOBER 13, 1954—DECIDED NOVEMBER 9, 1954.

M. C. Tarver, for plaintiff in error.

MOBLEY, Justice. It appears to be a general rule that, "where two or more persons, each acting independently, create or maintain a situation which is a tortious invasion of a landowner's interest in the use and enjoyment of land by interfering with his quiet, light, air, or flowing water, each is liable only for such proportion of the harm caused to the land or the loss of enjoyment of it by the owner as his contribution to the harm bears to the total harm," as a result of which the defendants cannot be joined as joint tortfeasors in an action for damages. Restatement of the Law, Torts, § 881; *Key* v. *Armour Fertilizer Works,* 18 *Ga. App.* 472 (89 S. E. 593); 9 A. L. R. 939; 35 A. L. R. 409; 91 A. L. R. 759. See, in this connection, *Howe* v. *Bradstreet Co.,* 135 *Ga.* 564 (69 S. E. 1082, Ann. Cas. 1912A, 214). It also appears to be the law, however, that in a court of equity a suit for injunction may be maintained against persons whose independent acts combine to cause a nuisance and an invasion of the plaintiff's right of enjoyment of land interfering with his quiet, light, air, or flowing water. Restatement of the Law, Torts, § 882 (b); 39 Am. Jur. 437, § 167; *City of Atlanta* v. *Cherry,* 84 *Ga. App.* 728, 733 (67 S. E. 2d 317); Johnson v. City of Fairmont, 188 Minn. 451 (247 N. W. 572); Sun Oil Co. *v.* Robicheaux, (Commission of Appeals of Texas) 23 S. W. 2d 713. "According to a settled principle, a court of equity, acquiring jurisdiction for the purpose of abating a nuisance, will also, upon proper averments, extend such jurisdiction to the ascertainment and determination of the damages suffered by reason of the nuisance." 39 Am. Jur. 447, § 174, and cases cited. And it has been held that in such event a court of equity may severally apportion damages among the defendants for their proportionate contribution to the injury. Mitchell Realty Co. *v.* City of West Allis, 184 Wis. 352 (199 N. W. 390, 35 A. L. R. 396). Certain acts are charged to the City of Dalton and certain other entirely separate and independent acts are charged to the other defendants, which independent acts combined caused the alleged nuisance and resulting damage. No concert of action is alleged

between the City of Dalton and the other defendants. However, applying the foregoing principles, a joint action in equity against the defendants, praying for an injunction and damages, could be maintained. The court, having jurisdiction for the purpose of giving injunctive relief, could under the well-established law of this State retain it as to damages in order to do complete justice between the parties. Code § 37-105. The court, upon proper determination · of the damages caused by each of the defendants, could render judgment against them for their proportionate parts of the damage done.

Accordingly, the trial court erred in sustaining the demurrers filed by the defendants Burnette and Jones, and dismissing the petition as to them.

*Judgment reversed. All the Justices concur.*