45637, 45638.   BULLOCH COUNTY HOSPITAL AUTHORITY
v. FOWLER; and vice versa.
45639, 45640.   MOONEY v. FOWLER; and vice versa.

ARGUED SEPTEMBER 14, 1970—DECIDED JUNE 30, 1971—
REHEARING DENIED JULY 14 AND JULY 16, 1971—

*Robert S. Lanier, Allen, Edenfield, Brown & Franklin, B. Avant Edenfield,* for Hospital Authority.

*Neville & Neville, W. J. Neville, Johnston & Brannon, Sam L. Brannon,* for Mooney.

*Alton D. Kitchings,* for Fowler.

PER CURIAM. ■ It is urged that the lengthy complaint (nineteen

paragraphs and numerous subparagraphs on twelve pages of foolscap) wholly fails to comply with the provisions of *Code Ann.* § 81A-108 (a). It must be conceded that the complaint is not a "short and plain statement of the claim," particularly when we consider the form prescribed in § 81A-309 in connection with § 81A-108 (a). The trial judge might well have stricken the complaint, granting leave to replead in accordance with these provisions of the Civil Practice Act, but he did not.[1]

Looking to the merits of the motion, it is observed that while no malpractice by the doctor is alleged as to the treatment actually afforded plaintiff's husband, and negligence does not appear from the mere fact that there was a failure to effect a recovery by the husband, for the doctor is not an insurer or a warrantor that his professional skill and efforts will effect a cure, (*Lake v. Baccus,* 59 Ga. App. 656 (1) (2 SE2d 121)), and he is not obliged to bring to the practice of his profession the utmost skill, and is not responsible for a mistake of judgment if he applies the reasonable care and skill which the law requires, yet if there has been an error of judgment so gross as to be inconsistent with that degree of care and skill, he may be liable for such damages as may be shown to flow therefrom. *Bryan v. Grace,* 63 Ga. App. 373 (11 SE2d 241). The unfavorable result raises no unfavorable presumption against the doctor. *Branch v. Anderson,* 47 Ga. App. 858, 860 (171 SE 771). But, having accepted employment for treating the husband it became the doctor's duty to use reasonable care and diligence in affording him attention and treatment. Cf. *Norton v. Hamilton,* 92 Ga. App. 727, 731 (89 SE2d 809, 57 ALR2d 426). If it should appear that the husband died from a heart condition the course of which the doctor could not, by use of reasonable care and skill, have changed, the doctor should not be held for damages. *Branch v. Anderson,* 47 Ga. App. 858, supra. "It is a general rule as well settled as anything in the law of negligence that a man is responsible for such consequences of his fault as are natural and probable, and might therefore be seen by ordinary fore-

---

[1] See Surrency v. Southern Railway Company, No. 605, U. S. Dist. Ct., M. D. Ga., an unpublished opinion of Chief Judge W. A. Bootle, in Appendix to this opinion.

cast, but if his fault happens to concur with something extraordinary, and therefore not likely to be foreseen, he will not be answerable for the extraordinary result." *Corley v. Cobb County,* 21 Ga. App. 219, 223 (93 SE 1015). And see *Sweat v. Foster,* 28 Ga. App. 360 (111 SE 66); *Ga. Northern R. Co. v. Ingram,* 114 Ga. 639 (40 SE 708).

The doctor's relationship to the hospital is that of an independent contractor, and he is not to be held for the negligence, if any, of the hospital. *Black v. Fischer,* 30 Ga. App. 109 (117 SE 103); *Timmons v. Fulton Bag &c. Mills,* 45 Ga. App. 670 (166 SE 40). For the same reason the hospital is not to be held for negligence, if any, of the doctor. *Jeter v. Davis-Fischer Sanitarium Co.,* 28 Ga. App. 708 (113 SE 29).

There was no concert of action. The actions of the doctor and of the hospital were mutually independent. They were not joint tortfeasors. Separate verdicts will be required. *Schneider v. City Council of Augusta,* 118 Ga. 610 (45 SE 459). *Howe v. Bradstreet Co.,* 135 Ga. 564 (69 SE 1082, AC 1912A 214); *Vaughn v. Burnette,* 211 Ga. 206 (84 SE2d 568, 45 ALR2d 1281); *City of Albany v. Brown,* 17 Ga. App. 707 (88 SE 215); *Key v. Armour Fertilizer Works,* 18 Ga. App. 472 (89 SE 593); *United Cigar Stores Co. v. Ga. R. & Power Co.,* 27 Ga. App. 198 (2) (107 SE 781); *Armstrong v. Southern R. Co.,* 29 Ga. App. 418 (116 SE 31); *Scott v. Edwards,* 50 Ga. App. 373 (178 SE 175). And see *Brooks v. Ashburn,* 9 Ga. 297 (3); *Central of Ga. R. Co. v. Brown,* 113 Ga. 414 (2) (38 SE 989, 84 ASR 250). Prior to the adoption of the Civil Practice Act they could not have been joined in one action, but it is now permissible under *Code Ann.* §§ 81A-118, 81A-120, 81A-310.

The standard of care required of a hospital is clearly stated in *Emory University v. Shadburn,* 47 Ga. App. 643 (171 SE 192), affirmed in 180 Ga. 595 (180 SE 137); *Hospital Authority of the City of St. Marys v. Eason,* 222 Ga. 536, 539 (150 SE2d 812).

In any event, and without any consideration of the numerous conclusions of the pleader or of allegations which could not be supported by admissible evidence, we conclude, construing the appropriate allegations in favor of the pleader, as we must do, that it cannot be said that beyond doubt the plaintiff cannot, within the framework of her complaint, demonstrate by competent

evidence that she has a claim upon which relief can be granted. Denial of the motions to dismiss was proper. *Harper v. DeFreitas,* 117 Ga. App. 236 (160 SE2d 260).

■ There was no error in sustaining the motion to strike the reference to plaintiff's children made in paragraph 1 of the complaint. *Wilson v. Central of Ga. R. Co.,* 132 Ga. 215 (63 SE 1121); *Western & A. R. Co. v. Davis,* 116 Ga. App. 831, 839 (159 SE2d 134). As to whether this would be admissible in evidence, and to what extent, see *Central of Ga. R. Co. v. Prior,* 142 Ga. 536, 537 (83 SE 117); *Darby v. Moore,* 144 Ga. 758 (87 SE 1067); *Macon D. & S. R. Co. v. Musgrove,* 145 Ga. 647 (1) (89 SE 767); *Western & A. R. v. Gray,* 172 Ga. 286, 305 (157 SE 482).

■ In an effort to obtain clarification and a definitive ruling on the measure of damages we certified certain questions to the Supreme Court. *Bulloch County Hospital Authority v. Fowler,* 227 Ga. 638 (182 SE2d 443). But that court found our questions too broad and declined to answer. Consequently, we must proceed.

■ Where a widow sues for the wrongful death of her husband the measure of damages is the "full value of his life," and while a jury may, depending upon the facts of the case, determine that the full value of his life is the gross sum that he would have earned to the end of his life, had he lived, reduced to its present cash value, "[t]he jury is not bound to find that lifetime earnings reduced to present value is the 'full value of the life of the decedent' but such is an aid only to the jury in making such determination. *Standard Oil Co. v. Reagan,* 15 Ga. App. 571, 572 (5, 6) (84 SE 69)." *Rhodes v. Baker,* 116 Ga. App. 157 (4) (156 SE2d 545), followed by this court in *City of Macon v. Smith,* 117 Ga. App. 363, 373 (8) (160 SE2d 622). See also *Smith v. McBride,* 119 Ga. App. 94 (166 SE2d 407). If in such an action the jury is limited solely to lifetime earnings reduced to present value in arriving at the full value of the life of the decedent, then a widow who sues for the tortious death of a husband would be precluded from recovering anything if the evidence disclosed that the husband was an invalid, incapable of earning at the time of his injury and death, and whose condition was medically shown to be such that he would never recover and be able to earn. We cannot agree that this is a proper interpretation of the law. The trial judge refused to strike

the following portion of paragraph 17 of the answer, to wit: *"Plaintiff shows that, although she had lost and will continue to sustain a great monetary loss in earning ability, the full value of her husband's life is in no wise limited to the money that he could have and would have earned.* Plaintiff shows that an even greater value must be couched in terms of leadership, guidance and judgment concerning the health, welfare and society of his family. That he was always helpful in the many household duties and home responsibilities and the family depended entirely upon his wisdom and guidance in the major decisions affecting family life." Inasmuch as the *underscored* portion of the matter sought to be stricken was properly pleaded, the trial court did not err in overruling this motion to strike. Whether or not the remainder of the allegations standing alone would be subject to a motion to strike, it is not necessary to decide.

■ The first sentence of paragraph 14, to wit: "Plaintiff shows that her busband was a good provider and very well cared for and supported her and said children," was properly stricken. See *Central R. v. Rouse,* 77 Ga. 393, 408 (3 SE 307); *Central of Ga. R. Co. v. Prior,* 142 Ga. 536, 537, supra.

■ The trial court erred in refusing to strike paragraph 18 of the petition which reads as follows: "Plaintiff shows that without him, life is frustrated and utterly confused. There is no one to whom she can turn to solve the many problems with which she is now confronted or with whom she can adequately share the awesome responsibilities of rearing the children which she must now assume without the sustaining force of her deceased husband. That these losses are immeasurable save by an enlightened conscience."

"There is almost entire harmony in denying a recovery for the mental suffering of the beneficiaries of the deceased, or as a solatium." 5 Sutherland on Damages (4th) § 1263, p. 4861. "[T]he construction . . . almost universally followed . . . is . . . that the jury are confined to the pecuniary loss, and that nothing ·can be allowed by way of solatium for the grief and wounded feelings of the beneficiaries, or to compensate them for the mere loss of society or of companionship which they have suffered." Tiffany, Death by Wrongful Act, § 154, p. 324. See also *Engle v. Finch,* 165

Ga. 131, 134 (139 SE 868); *Atlantic &c. R. Co. v. McDilda,* 125 Ga. 468, 471 (54 SE 140, 114 ASR 240).

■ Plaintiff served on each defendant some 34 interrogatories, many having subparts. A considerable number of them called for opinions of the defendants inter alia, as to what would constitute a proper degree of care in given instances. Objections were made to substantially all of the interrogatories, some of which were sustained and others overruled. We have carefully considered each ruling and find no error. *Hopkins v. Allen,* 123 Ga. App. 330 (180 SE2d 919), *Johnson v. O'Donnell,* 123 Ga. App. 375 (181 SE2d 291). The judge has eliminated the necessity for answering burdensome items, has eliminated the attaching of copies of certain documents and records to answers by providing that if these exist they are to be made available for examination and copying.[2] While much of the evidence sought would not be admissible on a trial, we think the judge has properly ruled in the spirit of the law, allowing discovery of that which may lead to admissible evidence. *Benefield v. Malone,* 110 Ga. App. 607 (2b) (139 SE2d 500). In instances when the evidence sought could neither be admitted on a trial nor lead to that which is admissible (e.g., the limits of coverage of insurance policies, or copies thereof) he has properly sustained objections. *Grant v. Huff,* 122 Ga. App. 783 (1) (178 SE2d 734).

*Judgment reversed in the main appeals as to the rulings on motions to strike paragraph 18 of the complaint; otherwise affirmed;*

---

[2]While there was no written motion for the production of documents before the court, as contemplated by *Code Ann.* § 81A-134 (a), a purpose of which is to designate with particularity what is desired for production, the purpose appears to have been accomplished in this instance, when all parties were before the court. In any event, the complaint which appellants make is not as to a lack of specificity in designation which renders it burdensome or difficult for them to comply with the order. A written motion is certainly the proper method for use in seeking production of documents, but we find no harm resulting from a lack of it here.

*affirmed on the cross appeals. Bell, C. J., Pannell, Deen and Quillian, JJ., concur. Jordan, P. J., Hall, P. J., Eberhardt, Whitman and Evans JJ., dissent in part.*

### APPENDIX.
#### Surrency v. Southern Railway Company
#### Civil Action No. 605.
#### U. S. District Court for Middle District of Georgia.

BOOTLE, District Judge. This is a tort action to recover damages for injuries allegedly sustained by plaintiff as the result of alleged negligence on the part of the defendant in a grade crossing collision between a pick-up truck and a train. The original complaint consisted of 12 pages, 30 paragraphs, three of which have a total of 30 subparagraphs, and the complaint as a whole is said to contain 2,233 words. The defendant promptly filed a motion to strike the complaint and to strike certain allegations thereof upon the ground that the complaint does not set forth a claim in a short and plain statement as is required by Rule 8, Fed. R. Civ. P. and violates said rule in setting forth a lengthy and involved statement of evidentiary matters, background information and needless facts with great prolixity and detail, and upon the additional ground that said complaint is argumentative in form and would be prejudicial to defendant in the hands of a jury. Said motion was supported by a brief pointing out the virtues of Rules 8 (a), 8 (e) (1) and 12 (f) which respectively provide:

"A pleading which sets forth a claim for relief, . . . shall contain (1) a short and plain statement of the ground upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief to which he deems himself entitled . . . (8 (a)). Each averment of a pleading shall be simple, concise, and direct. No technical forms of pleading or motions are required. (8 (e) (1)). . . . [T]he court may order stricken from any pleading any . . . redundant, immaterial, impertinent, or scandalous matter. (12 (f))."

Counsel for plaintiff to some extent has acquiesced in defendant's motion in that plaintiff's counsel has now offered a proposed amended complaint consisting of 12 numerical paragraphs, 4

pages, paragraph 9 consisting of 10 subparagraphs, (a) through (j), each of said subparagraphs being a specification of negligence.

Counsel for defendant has filed objections to the allowance of said proposed amendment on the grounds (1) that it does not yet meet the requirements of Rule 8 which requires a short, plain, concise statement of the claim sued upon, (2) the proposed amendment alleges evidentiary matters, particularly so in paragraphs 5, 6, 7, and 8, and (3) that paragraph 9 instead of being a short, plain, concise allegation of negligence is a lengthy, verbose, impertinent and redundant statement argumentative and prejudicial in character.

Georgia lawyers, accustomed as they are to the system of fact pleading prevalent in the State courts, where, for instance, specification of grounds of negligence must be alleged, have been somewhat slow to grasp the full significance of the Federal Rules of Civil Procedure above quoted, and hesitant to seize the advantages of this new notice-form of pleading. Where circumstances constituting fraud or mistake are not involved averments may be made in general terms and negligence may be pleaded generally without a specification of particulars. "Conclusions of fact are all that are necessary and the inclusion of evidentiary matter is not only superfluous, but is actually frowned upon." Holtzoff, A Judge Looks at the Rules, Fed. R. Civ. P., at page 1 (West Publishing Company, 1965 edition).

It is not only unnecessary but it is objectionable to plead evidence. Rule 8 (a) "forbids the prolix recitation of probable evidence." Millet v. Godchaux Sugars, 241 F2d 264, 266 (5th Cir. 1957). It is equally clear that general allegations of negligence are sufficient and that specific allegations are not required. Augusta Broadcasting Co. v. United States, 170 F2d 199 (5th Cir. 1948); The Great Atlantic & Pacific Tea Co. v. Jones, 294 F2d 495 (5th Cir. 1961); 4 Cyclopedia of Federal Procedure, § 14.251, page 311, 3d edition. In Hardin v. Interstate Motor Freight System, 26 FSupp. 97 (S.D. Ohio 1939) allegations in the nature of specifications of negligence in addition to a general allegation of negligence were stricken on motion.

While it seems to be within the discretion of the trial judge in the federal courts whether the pleadings may be taken to the

jury room with the jury and that there is no legal requirement that the pleadings be sent out with the jury, see 9 Cyclopedia of Federal Procedure, § 31.107, page 427, 3d edition; Chicago & E. R. Co. v. Ohio City Lumber Co., 241 F 751, 756 (6th Cir. 1914); Toledo Traction Co. v. Cameron, 137 F 48, 67 (6th Cir. 1905), the practice of sending the complaint, any amendments thereto, and all responsive pleadings out with the jury has generally been followed in this district; hence, the propriety of adhering to the rule that the pleadings should not contain a prolix recital of probable evidence. In the event of a variance between allegata and probata prejudice may easily result. The propriety of not permitting specifications of particulars of negligence in the complaint is equally obvious, particularly so where such specifications tend to be repetitious, verbose, prolix, and proliferated. Here too, there may be a variance between what is alleged and what is proved. But even in the absence of a variance such a pleading tends to be argumentative in form and unless counterbalanced by a similar pleading on the other side is capable of leading to prejudice in the jury's final deliberations. No encouragement should be given to defense counsel to draft such counterbalancing pleadings.

This is not to say that there is not a time and place for the plaintiff to set out in detail all of his contentions, but this time and place is in the pre-trial order. This court's pre-trial notice requires that the pre-trial order set out both the plaintiff's and defendant's contentions and this requirement is interpreted to include all acts of negligence charged against the defendant, together with all statutes, ordinances, rules, or regulations allegedly violated. In such order the plaintiff may set out as fully as he desires a preview of his evidence, but even there verbosity and prolixity should be avoided.

Construing paragraphs 5, 6, 7, and 8 of the proposed amendment as allegations of evidentiary matters and paragraph 9 as needlessly and objectionably setting out specifications of particulars of negligence, this court disallows the proffered amendment, but will allow said amendment to be filed if it is redrawn so as to eliminate said numbered paragraphs 5, 6, 7, 8 and 9. If said amendment is so redrawn and filed the defendant shall be allowed ten days after the filing of the same within which to answer it.

EBERHARDT, Judge, dissenting in part. We cannot agree with all that is said as to what may constitute the "full value of the life" of a *husband and father*[1] in a wrongful death action, as delineated in Division 3 (a) of the opinion. Our disagreement is based upon the holdings to be found in decisions of the Supreme Court and in older decisions of this court, none of which has been overruled and by which we are bound.

On this question we find the "full value" of the decedent's life to be measured in terms of what he was earning, or what he was capable of earning, reduced to its present value.

"The present action is not one for the loss or injury to a property right in the life of the decedent, but is one compensatory to the plaintiff for the loss of his services had he lived, *measured in terms of money according to his average yearly earnings* for the duration of his expectancy, reduced to a present value." (Emphasis supplied). *Atlanta, B. & C. R. Co. v. Thomas,* 64 Ga. App. 253, 258 (12 SE2d 494) (cert. denied).

"The term 'full value of the life of the deceased,' is construed to mean the gross sum that the deceased would have earned to the end of his life, had he not been killed, reduced to its present cash value . . . *Central of Georgia R. Co. v. Minor,* 2 Ga. App. 804 (59 SE 81). In arriving at the amount of damages the jury should consider the age of the deceased at the time of his death, his health, his habits, the amount of money he was earning, his expectation of life, the probable loss of employment, voluntary abstinence from work, dullness in business, reduction of wages, increasing infirmities of age, with a corresponding diminution of earning capacity, and other causes which may contribute to illus-

---

[1] A different approach has been used in arriving at the full value of the life of a wife and mother. *Metropolitan Street R. Co. v. Johnson,* 91 Ga. 466, 471 (18 SE 816); *City of Macon v. Smith,* 117 Ga. App. 363, 373 (8) (160 SE2d 622), and another for a child, *James v. Central of Ga. R. Co.,* 138 Ga. 415 (75 SE 431, 41 LRA (NS) 795, AC 1913D 468); *Southern R. Co. v. Jarrett,* 20 Ga. App. 648 (2) (93 SE 240); *Jordan v. Fowler,* 104 Ga. App. 824, 827 (4) (123 SE2d 334); *Rhodes v. Baker,* 116 Ga. App. 157 (4) (156 SE2d 545).

tration of the gross earnings of a lifetime.[2] See in this connection, *W. & A. R. Co. v. Moore*, 94 Ga. 457 (6) (20 SE 640); *Florida Central & Peninsular R. Co. v. Burney*, 98 Ga. 1 (26 SE 730); *Alabama Great Southern R. Co. v. Brown*, 138 Ga. 328 (75 SE 330); *Central of Ga. R. Co. v. Ray*, 129 Ga. 349 (2) (58 SE 844); *Central of Ga. R. Co. v. Anderson*, 43 Ga. App. 189 (3) (158 SE 333)." *Pollard v. Boatwright*, 57 Ga. App. 565, 568 (196 SE 215) (cert. denied). Applying these principles to the situation here, it will be seen that the jury should consider the state of the health of the deceased when the alleged wrongs against him were committed, and whether this may have adversely affected his life expectancy and his ability to work and earn wages in the future. While the rule as to the measure of damages is not a Procrustean one, "the value of the life of the deceased referred to [in *Code* § 105-1302 is] its financial value, as determined by the sum which the deceased would be reasonably expected to have earned to the end of his life, had he not been killed, and not to a sum of money at which the jury would arbitrarily estimate the deceased would have valued his life, which of course, would be inestimable." *Pollard v. Boatwright*, 57 Ga. App. 565, 570, supra. This action is not one at common law; it is statutory, and the recovery is limited to that provided for in the statute. "[T]he measure of the recovery is the full value of the life of the deceased, irrespective of its real value to the person in whom the cause of action is vested." *Engle v. Finch*, 165 Ga. 131, 134 (139 SE 868). "A wife has no property rights in the services of her husband, and no property rights in his life. Her statutory right to recover for his homicide is a substitution of the wife in his place for the purposes of recovering for

---

[2]"It is error to admit prospects of advancement to a position of which the person in question has no definite assurance." *Central of Ga. R. Co. v. Minor*, 2 Ga. App. 804, 810 (59 SE 81). "[W]e think it improper to allow proof of a particular possibility, or even probability, of an increase in wages by appointment to a higher public office," e.g., by an assistant railway mail clerk to the office of superintendent, or of a deputy clerk's possibility of becoming clerk of the court. *Richmond & Danville R. Co. v. Allison*, 86 Ga. 145, 152 (12 SE 352, 11 LRA 43).

the injury inflicted upon him, and the measure of damages is *the value of the husband's life to the man* himself, not *the value of his life to the wife.*" (Emphasis supplied). *Atlantic &c. R. Co. v. McDilda,* 125 Ga. 468, 471 (54 SE 140). "The present action is not one for the loss or injury to a property right in the life of the decedent, but is one compensatory to the plaintiff for the loss of his services had he lived, measured in terms of money according to his average yearly earnings for the duration of his expectancy, reduced to present value." *Atlanta, B. & C. R. Co. v. Thomas,* 64 Ga. App. 253, 258, supra. If the husband had lived and were himself suing, could it be seriously urged that he would have any right to plead these matters as elements of his damage? Could he recover therefor?. Would he be permitted to prove them? Obviously not. And, as is held in *McDilda,* the widow stands in his shoes in seeking a recovery.

We also disagree with the holding that the conclusory allegations in plaintiff's petition that she "is in no wise limited to the money that he could have and would have earned" and "that an even greater value must be couched in terms of leadership, guidance and judgment concerning the health, welfare and society of his family. That he was always helpful in the many household duties and home responsibilities and the family depended entirely upon his wisdom and guidance in major decisions affecting family life," were proper matters to be pleaded or for consideration by the jury.

First, even as to the financial support of the family "Proof that the decedent was the sole support of the widow and her children is irrelevant, and the allowance of such evidence is harmful error." *Central of Ga. R. Co. v. Prior,* 142 Ga. 536 (2) (83 SE 117). It is even more erroneous to permit the pleading or proof that "the family depended entirely upon his wisdom and guidance," etc.

And secondly, the items of leadership, guidance, help in the performance of household affairs and duties, are items of consortium. These are improperly pleaded and evidence relating thereto should be repelled because "the right of consortium exists only *during the joint lives* of the husband and wife." (Emphasis supplied). *Walden v. Coleman,* 105 Ga. App. 242, 243 (124 SE2d 313); *Cody v. Peak,* 113 Ga. App. 676 (2) (149 SE2d 521); *Central of Ga.*

*R. Co. v. Prior,* 142 Ga. 536 (2), supra. And compare *Louisville & N. R. Co. v. Lunsford,* 216 Ga. 289 (116 SE2d 232), where it was held that there can be no recovery for the loss of consortium in a statutory FELA case. This case, though not an FELA action, is purely statutory and, as in FELA, the recovery is limited to that which the statute provides.

The defendants' motions to strike both paragraphs 17 and 18 of the petition should have been sustained. Some of the matters alleged would authorize a recovery for items of consortium, others for solatium. The allegations are argumentative, and even before adoption of the Civil Practice Act they were improper for that reason. *Elliott v. Ga. Power Co.,* 58 Ga. App. 151, 159 (197 SE 914); 914); *Ga. Power Co. v. Moody,* 58 Ga. App. 252, 254 (198 SE 342) (cert. denied). While there is a time and place for argument to be made, it is not in the pleadings. Nor should they include matters which, if tendered in evidence, would be inadmissible. *Schaefer v. Mayor &c. of Athens,* 120 Ga. App. 301 (7) (170 SE2d 339).

I am authorized to state that Presiding Judges Jordan and Hall and Judge Whitman concur in this dissent.

EVANS, Judge, dissenting in part. I cannot agree to all that is said in the opinion, nor to the judgments reached by the majority as to several issues. Hence, I must dissent and give my reasons for so doing.

1. I dissent from Headnote 2 and from the corresponding division of the opinion. The trial judge sustained defendant's motion to strike the reference made in paragraph 1 of the complaint to the children of the plaintiff widow and her deceased husband, and the majority opinion affirms. I would reverse the court as to this ruling. The Supreme Court of Georgia has plainly held that a plaintiff may introduce *evidence* as to the *names and ages* of minor children in a wrongful death action brought by a widow. See *Western & A. R. v. Gray,* 172 Ga. 286 (9) (157 SE 482); *Darby v. Moore,* 144 Ga. 758 (1) (87 SE 1067). If *evidence* may be introduced respecting the names of minor children, what harm can possibly result to defendant through *pleading* the names of said children? Further, *Code* § 105-1303 provides that should the widow die pending the action, same shall survive to the children, and

*Code* § 105-1304 makes the children interested in whatever recovery is had in the case. All of this is indicative of the propriety, if not the absolute necessity, of pleading the names of the minor children.

2. I do concur emphatically in the majority opinion as to Headnote 3a and the corresponding division of the opinion, which I consider to be absolutely correct.

3. I dissent in part from the majority opinion as to Headnotes 3b and 3c and the corresponding subdivisions of the opinion. In my judgment the first sentence of paragraph 14 was improperly stricken, wherein plaintiff alleged: "Plaintiff shows that her husband was a good provider and very well cared for and supported her and said children." Likewise, in my opinion, paragraphs 17 and 18 were improperly stricken, except as to the first and last sentences of paragraph 18, which were as follows: "Plaintiff shows that without him, life is frustrating and utterly confused . . . That these losses are immeasurable except by an enlightened conscience." The remainder of paragraphs 17 and 18 relate to her husband's age, his good health, his working qualities and money earned, and leadership, guidance and judgment concerning the health, welfare and society of his family; the solution of family problems and of rearing a family, and should not have been stricken from her complaint.

Surely it is unnecessary to cite authority on the right of a widow to allege her husband's age, health, working ability and earnings. And as to his leadership, guidance and judgment concerning the welfare and society of his family, and solution of family problems, the Supreme Court of Georgia has clearly spoken in favor of these subjects in the following authorities.

*Peeler v. Central of Ga. R. Co.*, 163 Ga. 784, 791 (137 SE 24) holds: *"Aside from any consideration based upon age or dependency, the value of a father's society, advice, example, and counsel is an element of inestimable value to a child. It is perhaps true, too, that the value of each of these items increases as the child grows older; so that there is no reason why a child sui juris should not be allowed to participate on equal terms with those of his brethren who may be minors, in the value of a father's companionship, counsel, advice, and assistance of which he as well as they have been*

*wrongly deprived by a tortfeasor.*" (Emphasis supplied).

The above leaves it beyond peradventure and clearly shows that the jury is entitled to consider other elements than earning capacity, in arriving at the full value of the father's life.

While it is true that the *Peeler* case, supra, was not by a full bench, this is completely remedied at a later date in the case of *Vickers v. Vickers,* 210 Ga. 488, 492 (80 SE2d 817), when a full bench of the Supreme Court of Georgia expressly approved the holding in the *Peeler* case and stated that *Peeler* sets forth the law correctly. The Court of Appeals of Georgia in the case of *Southern R. Co. v. Turner,* 89 Ga. App. 785 (3) (81 SE2d 291), in effect, ruled the same way.

For each of the above reasons, I must dissent from the judgments reached by the majority since I would affirm the judgments in the main appeals and reverse as to the cross appeals.