### 48431. KERR v. MIMS.

DEEN, Judge. 1. Both protagonists in the collision leading to this wrongful death action are deceased, the alleged tortfeasor, W. H. Kerr, having died of natural causes prior to the filing of the petition. The plaintiff, widow of Love Mims, was an eyewitness; her testimony and other evidence were sufficient to support a jury inference that Mims, driving a farm tractor, made a left turn into the highway and was proceeding on his own side of the road when Kerr's speeding vehicle hit it from behind, as a result of which Mims was thrown to the pavement and killed. The jury returned a verdict of $20,000 in favor of the widow. Where a widow sues for the wrongful death of her husband, the measure

of damages is the full value of his life. In determining this sum the jury "is not bound to find the lifetime earnings reduced to present value is the full value of the life of the decedent, but such is an aid only to the jury in making such determination." *Rhodes v. Baker,* 116 Ga. App. 157 (4) (156 SE2d 545) quoted in *Bulloch County Hosp. Auth. v. Fowler,* 124 Ga. App. 242, 247 (183 SE2d 586) and cit. "The question of damages being one for the jury, the court should not interfere, unless the damages are either so small or so excessive as to justify the inference of gross mistake or undue bias." Code § 105-2015. Although the deceased was some 69 years old and his earnings were small, he was in good health, he performed other services for the plaintiff, and it cannot be said that the amount of the verdict in her favor reflects bias or prejudice.

2. The second enumeration of error complains of admitting the taxpayers' copy of a 1968 income tax return into evidence, and the third of allowing the plaintiff to testify as to its contents. The only testimony offered by the plaintiff was that this was her copy of the original joint return, that she signed the original, that the earnings were her husband's, and that she did not work. These facts, all of which were within her own knowledge, were proper testimony. The handwritten copy (which had previously been introduced for inspection in response to interrogatories of the defendant under Code Ann. § 38-2109 (b)) was signed "Mrs. Laura B. Williams," and the plaintiff also testified that this was the person who prepared the return. The original having been accounted for as being in the files of the Federal Government, the copy was verified by the plaintiff, who had signed the original, in such manner as to allow its introduction in evidence.

3. "It has been uniformly held that the amount of recovery for death by wrongful act should not be diminished by the receipt of social security benefits." 84 ALR2d 764, 765; Gardner v. National Bulk Carriers, Inc., 221 FSupp. 243; Petition of Oskar Tiedemann & Co., 236 FSupp. 895; McCullough v. Ward Trucking Co., 368 Mich. 108 (117 NW2d 167); Bagley v. Blue Flame Propane Co., 418 P2d 333; O'Neal v. Ray, 213 S. 2d 1.

4. Enumerations of error 5 and 6 are expressly abandoned. The instruction excepted to in the fourth enumeration was not objected to on the trial of the case and will not be considered here. *Foy v. Edwards,* 118 Ga. App. 665 (4) (165 SE2d 176).

*Judgment affirmed. Bell, C. J., and Quillian, J., concur.*

SUBMITTED SEPTEMBER 10, 1973 — DECIDED OCTOBER 4, 1973 —

56

*Kopp, Peavy & Conner, J. Edwin Peavy,* for appellant.
*Emmett P. Johnson, Sharpe, Hartley & Newton, W. Ward Newton,* for appellee.

